W. H. BRADEN, *as Sheriff, &c.*, v. THE UNION TRUST COMPANY OF NEW YORK, *Trustee, &c.*

POWER *of State Board of Equalization.* The state board of equalization has the power, when equalizing the various assessments made for taxation, to equalize the same by increasing or decreasing the valuation of railroad property, as well as by increasing or decreasing the valuation of any other kind of property.

*Error from Crawford District Court.*

INJUNCTION, brought by the *Union Trust Company* of New York, as trustee of the M. K. & T. Rly. Co., against *Braden*, as sheriff of Crawford county, to restrain the collection of a certain tax. At the January Term, 1879, of the district court, a temporary injunction restraining the collection of the tax, which had been issued, was made perpetual, and costs were adjudged against the defendant, who brings the case here. The opinion states the facts.

*John T. Voss*, county attorney, for plaintiff in error.

*David Kelso*, and *Blair & Perry*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by the Union Trust company of New York, trustee of the Missouri, Kansas & Texas railway company, against W. H. Braden, as sheriff of Crawford county, Kansas, to perpetually enjoin the collection of a certain tax, claimed by the plaintiff to be illegal. The court below decided in favor of the plaintiff, and rendered judgment accordingly; and the defendant now, as plaintiff in error, brings the case to this court.

The facts of the case are substantially as follows: In 1877, the plaintiff below was liable to pay all legal taxes assessed against the Missouri, Kansas & Texas railway company. A portion of the railroad of this railway company is situated in and runs through Crawford county. In 1877, the state board of railroad assessors, at its April session, assessed the property of the plaintiff below, as provided by § 27 of the tax law of 1876. (Comp. Laws of 1879, p. 944.) Afterward, and before the 20th day of May, 1877, said board, through the auditor of state, among other things made returns of the railroad assessments to the county clerk of Crawford county, as provided by § 33 and subsequent sections of the said tax law of 1876. (Comp. Laws 1879, p. 945.) The board also performed all other acts enjoined upon it by law. As soon as the county

clerk of Crawford county received the railroad assessment, he distributed the same and certified it to the various school districts, townships, etc., as required by § 38 of the said tax law. (Comp. Laws 1879, p. 946.) Afterward, in the month of July, 1877, the state board of equalization, then being in session, increased the valuation and assessment of the M. K. & T. Rly. property situated in Crawford county, above the amount fixed by the board of railroad assessors, 12 per cent.; and afterward the auditor of state reported such increase to the county clerk of Crawford county, who added the same to the valuation already fixed; and upon this increased amount based the per cent. of levy of taxes for different purposes for that year, and placed the same on the tax roll of the county, as provided by law. The tax arising from this increased valuation amounted in the aggregate to $326.06. The plaintiff below at the proper time paid all taxes assessed against it, or against the M. K. & T. Rly. Co., except this amount of $326.06, and this is the tax which the plaintiff now wishes to enjoin.

These are the main facts in the case, and it is agreed by counsel that the substantial question arising from these facts is, whether the state board of equalization had the power to make said increased valuation of the property of the M. K. & T. Rly. Co. or not. We think it had. It would seem that if the board of assessors should make a mistake in the assessment of any property, or if any portion of the assessment were higher or lower than the average assessment of the other property of the state, there should be some authority somewhere to correct the mistakes of the board of assessors, and to equalize the assessment. There is nothing in the statutes that would seem to prevent the board of equalization from equalizing the assessment as made by all the assessors of the state, including railroad assessors, by increasing or decreasing the valuation of any particular railroad property; but there is much in the statutes that would seem to indicate that the board has such power. The state auditor has in his office the assessment of the state board of assessors, and ab-

stracts of all other assessments are forwarded to him by the county clerks of the various counties of the state. (Tax law of 1876, as amended in 1877; Comp. Laws of 1879, p. 954, § 76.) And abstracts of all the assessments of the state, by whomsoever made, are furnished by the auditor of state to the state board of equalization. (Tax law of 1876, § 79; Comp. Laws 1879, p. 955.) And upon these abstracts the state board of equalization equalizes all the assessments and valuations of property in the state. Said § 79 of the tax law of 1876, so far as it affects this question, reads as follows:

"SEC. 79. It shall be the duty of said board to assemble at the state capitol on the second Wednesday in July, in the year A. D. eighteen hundred and seventy-six, and of each year thereafter, and when duly organized, as hereinafter provided, to then and there proceed to examine the abstracts of property assessed for taxation in the several counties of the state, *including railroad property,* which shall be laid before said board by the auditor of state, *and shall equalize the same* by directing to be added to the amount of property so assessed in each county, or to be deducted therefrom, such rate per cent. as said board may deem equitable; but said board shall not reduce the aggregate amount."

The board, having before it all assessments for taxation made upon all the taxable property within the state, may, under the provisions of the foregoing section, equalize such assessments by increasing or decreasing the assessments made on any particular portion of the property, provided such equalization does not reduce the aggregate amount of the assessment. Railroad property may be assessed too high or too low, as well as any other property; and it may be assessed at a higher or at a lower rate than the other property of the state is assessed. And to do justice to the railroad companies and to the people of the state, it may be necessary in many cases to increase or diminish the assessments on railroad property. The record in the present case shows that the railway of the plaintiff is not situated entirely in Crawford county, but is also situated in other counties; but whether the assessment upon this railway was increased for the entire length of the

road, or only for that portion of it which is situated in Crawford county, the record does not show. If this should make any difference, however, it will then be presumed that the facts were such as to show that the board of equalization did its duty.

The judgment of the court below will be reversed, and cause remanded with the order that the demurrer to the petition be sustained.

All the Justices concurring.