THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GEARY *et al.* v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY.

No. 11,656.*    (61 Pac. 693.)

1. TAXATION—*Equalization by State and County Boards.* Whenever the valuation of taxable property in any county is changed by the state board of equalization, the board of county commissioners of such county are authorized to use the valuation so fixed by the state board as a basis for making their levies for all purposes, but are not bound so to do.

2. ———— *Refusal to Adopt Equalization.* Section 1 of article 11 of the constitution is not violated by the action of the local taxing authorities in refusing to adopt the valuations fixed by the state board in making their levy for the current expenses of the county, or for any purpose except state taxes.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. MC-ELROY, judges. Opinion filed July 7, 1900. Reversed.

*W. S. Roark*, for plaintiffs in error.

*T. N. Sedgwick*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: In July, 1896, the state board of equalization made an order increasing the value of all property in Geary county for that year, except rail-

---

* For opinion by the court of appeals, see 9 Kan. App. 350, 58 Pac. 121.—REP.

road property, ten per cent. of the amount returned by the city and township assessors; and at the same time the board apportioned to said county, as its proper proportion of state taxes, the sum of $9755.98, which order was transmitted by the state auditor to the county clerk. The board of county commissioners of Geary county did not, however, obey the order of the said board of equalization by raising the valuation of all property in the county except railroad property ten per cent., but simply raised the rate of taxation for state purposes on all property in that county except railroad property ten per cent., and made no change whatever in the returns made by the assessors of all the property in their county other than railroad property; so that the rate for state purposes in Geary county on all property except that of railroads for that year was fifty cents on each one hundred dollars in valuation, and on railroad property the rate for state purposes was forty-two and one-half cents on each one hundred dollars of valuation.

The railway company makes no claim that it is required to pay an unjust proportion of state taxes. The gravamen of its complaint is that the county board, in making its levies for local purposes, did not adopt the valuation fixed by the state board of equalization. The allegation in the petition concerning the action of the board of county commissioners and the county clerk is as follows:

"They neglected and refused to obey said order of the state board of equalization, and, instead of increasing the valuation of all said property, except railroad property, 10 per cent. as ordered by the state board of equalization, increased the rate of levy for state purposes upon all property 10 per cent., thereby making the rate for state purposes upon all property except railroad property 50 cents on each $100, and

upon railroad property the rate for state purposes was by the county clerk of said county extended at 42½ cents on each $100, and the valuation of railroad property as fixed by the state board of assessors remained unchanged, and the valuation of all other property in the county as returned by the township and city assessors remained unchanged, notwithstanding the order of the state board of equalization to increase the same 10 per cent., so that as to all taxes the plaintiff is assessed upon all its property at its true value in money, thereby making this plaintiff pay taxes upon a valuation of 10 per cent. higher than any other property is assessed for taxable purposes in said county, and thereby making it pay for school-district, township, city and county purposes 10 per cent. more taxes in proportion to the value of its property than is paid upon any other property in said county, which is an unjust discrimination.''

It is urged by the railway company that section 135 of chapter 158, General Statutes of 1897 (Gen. Stat. 1899, § 7360), requires a board of county commissioners to extend their levies upon the valuation as raised or lowered by the state board of equalization ; that there cannot be two different valuations for state purposes ; that there must be an equalization of values for all purposes, both state and local, and that the equalization of railroad property with other property by the state board of equalization is controlling for local, as well as for state, purposes.   Said section reads :

''Whenever the valuation of any county is changed by the state board of equalization, the board of commissioners of such county are authorized to use the valuation so fixed by the said board as a basis in making their levies for all purposes.''

This language does not impose an obligation upon the board of commissioners to adopt the valuation of the state board, but merely confers a permissive right

so to do. To hold otherwise would be ruling contrary to the plain reading of the statute. In 1883 this question was submitted to Mr. Justice Johnston, then attorney-general of the state, whose opinion is found in Public Documents, Kansas, 1883–'84, Report of Attorney-general, pages 76, 77, as follows:

"The action of the state board of equalization in increasing or decreasing the valuation of property assessed for taxation in the several counties of the state affects only the taxes required to be raised for state purposes. The main object of the state board is to adjust the valuation so that each county will bear its fair and equitable proportion of the state tax. The valuation as fixed by the state board is not controlling with the county commissioners. They are not required to use the valuation adopted by the state board as a basis in making their levy for the current expenses of the county, or for any purpose except state taxes. (Sec. 159, ch. 107, Comp. Laws.) As I understand it, the prevailing practice throughout the state is, that if the state board increases the valuation of property in a county, that valuation is used merely as a basis for apportioning the state tax required to be paid by such county, and the auditor of state thereupon reports and certifies to the county clerk the amount charged against his county and required to be raised by it for state purposes. The county clerk upon receiving that report determines the rate per cent. necessary on the valuation fixed by the county board to raise the amount of state tax as fixed by the state board. If, for instance, in a county having a valuation returned at $5,000,000, and the levy for state taxes being four mills, there would be produced for state purposes the sum of $20,000. The state board, however, determines that the county in right and justice ought to contribute $25,000 for state purposes, and therefore it increases the valuation returned by such county such a per cent. as will afford the additional $5000. To that end the county clerk, upon receiving the report from the

auditor, simply increases the rate one mill and extends a five-mill rate on the valuation fixed by the county board. This practice seems to be warranted by section 81 of the chapter on taxation. At any rate, the restriction upon the county commissioners that you mention relates only to the levy for current expenses. The basis upon which that levy is made is uniformly the valuation fixed by the county board, and not the one fixed by the state board. The county commissioners have the option of taking the valuation fixed by the state board as a basis for making their levies for local purposes, but it is seldom, if ever, done. I would therefore hold that the valuation in your county as fixed by the county board being less than $5,000,000, and the board adopted that valuation for the purpose of making a levy of current expenses, may legally levy for such purpose one per cent. on the dollar of such valuation, notwithstanding the state board may for the purpose of apportioning the state tax have increased the valuation of the property beyond $5,000,000.''

The same construction was given this statute by Attorney-general Ives in 1891. (2 Pub. Doc. Kan. 1891–'92, Att.-Gen. Rep. 42.)

Before the expression of these views by the attorneys-general, this court, in *Francis, Treas., v. A. T. & S.F. Rld. Co.*, 19 Kan. 303–315, said :

''Such a tribunal doubtless subserves a wise purpose in that it prevents any county from shirking its just proportion of the burdens of state government by grossly inadequate assessments.''

In *C. B. & Q. Rld. Co. v. Comm'rs of Atchison Co.*, 54 Kan. 781–790, 39 Pac. 1041, this language was used :

''The action of the state board of equalization does not result in a change in the amount of taxes any one would pay under levies for local purposes.''

We have been unable to find any express statutory authority which gives the state board of equalization power to control the valuation of county property for purposes other than state taxation.   Section 132 of chapter 158 of the General Statutes of 1897 (Gen. Stat. 1899, § 7271), seems to lean against the authority of the state board to interfere with the valuation fixed by the local board of equalization.   In said section the county clerk, when he receives the report of the auditor, is directed to determine the rate per cent. necessary to raise the taxes required for *state purposes* as determined by the state board of equalization, and there is no provision making it the duty of the county clerk to determine any rate per cent. necessary to raise the taxes required for county purposes.

The court of appeals based its opinion upon the force of section 1 of article 11 of the constitution, which prescribes that "the legislature shall provide for a uniform and equal rate of assessment and taxation."   The existence of two boards of equalization created by law, one endowed with power to equalize with reference to state taxes and the other clothed with like authority concerning local taxation, has not heretofore been considered as violative of this constitutional provision.   In *Gulf Railroad Co. v. Morris*, 7 Kan. 210, 221, in treating of this subject, it was said :

"There is no provision allowing the county board of equalization to equalize the valuation of the real estate of a railroad company within each county, while there is a provision of law allowing the county board of equalization to equalize the valuation of other real estate.   .   .   .   It will be seen that the counsel for the plaintiff misconstrues the constitution.   The constitution does not require that the manner or mode of assessing and taxing property, or the manner or mode of collecting the taxes, shall be equal and uniform,

but it simply requires that all property shall be assessed and taxed at an equal and uniform rate.

"This the legislature has provided for. All taxable property, real and personal, within this state must, under the statutes, be assessed at its true value in money, and the taxes levied upon such assessment must be at an equal and uniform rate. The state taxes, under the statutes, are equal and uniform throughout the state, being levied on a uniform valuation, and fixed at a uniform rate on each dollar of valuation throughout the state; each county tax is equal and uniform in the same manner throughout the county; and the same may be said of the taxes of each township, district, city, and village; and this is all that is required by the constitution."

In *Elevator Co. v. Stewart*, 50 Kan. 378, 383, 32 Pac. 33, it was held that that section of the constitution quoted from requires merely that there be a uniform and equal rate of assessment and taxation only in each separate taxing district. And for the purposes of this case we may regard the state as one taxing district and Geary county as another.

The railway company has attempted, in drawing its petition in the court below, to bring its complaint within the case of *C. B. & Q. Rld. Co. v. Comm'rs of Atchison Co.*, 54 Kan. 781, 39 Pac. 1039. But the facts here do not come up to the circumstances upon which the decision in that case was based. Upon the subject under consideration we have been furnished with copies of opinions rendered by the Honorable L. Stillwell, judge of the seventh district, and the Honorable O. L. Moore, of the eighth district, in which they ably discuss the questions before us and arrive at the same conclusion. We have adopted much of their reasoning in the above opinion.

The judgment of the court of appeals will be reversed and the judgment of the district court affirmed.