THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MIAMI.

**No. 13,220.** (73 Pac. 103.)

SYLLABUS BY THE COURT.

1. TAXATION—*Valuation Raised by State Board of Equalization.* Where the state board of equalization raises the assessed value of the property for any county, the board of county commissioners may use the valuation so fixed as a basis for making a levy for all purposes, but is not compelled to do so. If, in such case, the board of county commissioners does not adopt such valuation as a basis for a levy, the county clerk has authority, under section 7611 of the General Statutes of 1901, to determine the rate per cent. upon the valuation as shown in his books, necessary to raise the taxes required for state purposes, and extend such rate per cent. upon the tax-rolls of the county upon all property therein.

2. —— *State Board Only Equalizes Valuation.* The state board of equalization does not determine the actual value of the taxable property in any county for the purpose of taxation. Its only duty is to equalize the valuation of the different counties.

3. —— *Penalty Not in Violation of Constitution.* The provision of section 1, article 11, of the constitution of the state of Kansas, that "the legislature shall provide for a uniform and equal rate of assessment and taxation," does not apply to or control the legislature in prescribing a penalty for the non-payment of taxes, or prohibit it from prescribing a greater penalty for the non-payment of taxes on one class of property than on another.

4. —— *Legislature May Classify Property for Taxation.*

The legislature has the power to classify property as personal and real for the purpose of taxation, and in such classification it is not controlled by common-law distinctions between these classes of property.

Error from Miami district court; W. H. SHELDON, judge.   Opinion filed July 10, 1903.   Affirmed.

*T. N. Sedgwick*, and *J. E. Maxwell*, for plaintiff in error.

*L. S. Harvey*, and *Alpheus Lane*, for defendant in error.

The opinion of the court was delivered by

GREENE, J.: This action was brought to recover taxes and interest paid under protest by the plaintiff in error to the treasurer of Miami county.   To the petition the defendant demurred.   The demurrer was sustained and judgment rendered against plaintiff.

In 1896 the state board of railroad assessors assessed the railway property of the plaintiff in Miami county at $2420.40 per mile.   The total valuation, upon this basis, was $200,124.11.   The total valuation of taxable property in said county, except railroad property, as returned by the county clerk to the state auditor, was $3,782,071.   The state board of equalization, for the purpose of equalization, raised the assessed value of the property as returned by the clerk, except railroad property, nine per cent., and apportioned to Miami county $21,071.17 as its proportion of state taxes.   The board of county comissioners did not adopt this valuation as a basis for the levy; hence the clerk increased the rate per cent. of the levy.   Plaintiff claims that by this act it was made to pay the same rate per cent. on a valuation nine per cent. higher than other property in the county .

school-district, township, city and county purposes. On December 20, 1896, it tendered to the treasurer of said county the full amount of its taxes due for the year, less this excess of $612.03, and also less five per cent., the latter being the rebate on one-half thereof, which would not be due until June 20, 1897. The treasurer refused to accept such tender and demanded the additional sum of $612.03. To prevent the treasurer from adding a penalty for non-payment and issuing a warrant for the collection of its full amount of taxes, plaintiff paid the sum of $6030.11, less said $612.03, and then commenced an action to restrain the treasurer and board of county commissioners from collecting said additional sum of $612.03. This action was continued from time to time until November 30, 1900, when it was voluntarily dismissed. On the 18th of July, 1901, the treasurer of said county issued his warrant to collect the said $612.03, with fifty per cent. interest and penalty, making $1994.19.

The petition also contained the statement of a second cause of action based upon similar facts occurring in 1897, alleging payment of said claims under protest, and praying for judgment against the defendant for the two items, making a total of $2868.02, with interest.

Where the state board of equalization raises the valuation of the property of a county, under section 7702, General Statutes of 1901, the board of county commissioners is not bound to adopt that valuation in making a levy for state and other purposes, but the county clerk may proceed, under section 7611, General Statutes of 1901, to raise the rate per cent. sufficiently to provide the county's proportion of state taxes. (*Geary County v. Railway Co.*, 62 Kan. 168, 61 Pac. 693.) Plaintiff contends that because the board of county

commissioners did not raise the assessed valuation of the taxable property in the county, in accordance with the suggestion of the state board of equalization, but instead raised the rate per cent. of taxes, the plaintiff has been discriminated against and required to pay the higher rate per cent. on the full value of its property in said county, while other property-holders have been only required to pay the higher rate per cent. on the lower valuation fixed by the county officers.

This contention rests upon the assumption that the state board of equalization determines and fixes the valuation of the taxable property in the different counties; that it determined in this case that the assessed value of the property in Miami county, as returned by the county clerk, was below its actual value, and raised it nine per cent., to its true value. The state board of equalization does not determine or fix the value of the taxable property in any county; its only duty is to equalize the values between the several counties. The valuation returned in all the other counties in the state may have been greater than the actual value of the property, or the valuation returned by the county clerk of Miami county may have been the full value of the taxable property in that county. The only duty of the board of equalization is to equalize the assessed value of the different counties.

It was not shown that any of the property in Miami county was assessed at less than its actual value. The petition does state that all property, except railroad property, was assessed at less than its actual value, but this conclusion of the plaintiff in error is drawn from the previously stated fact that the state board of equalization had raised the assessed value on all such

property, except railroad property, nine per cent. This conclusion does not follow from the fact stated. The state board of equalization, as has been stated, had no duty to perform except to equalize the valuation of different counties.

After the dismissal of the injunction action, the county treasurer issued his warrant for the collection of the original taxes, penalties, and interest from the date of the injunction at the rate of fifty per cent. per annum. Section 7658, General Statutes of 1901, fully authorizes this. It reads:

"In case the county treasurer shall be restrained from selling any real estate by reason of an injunction, and the injunction shall be dissolved, the treasurer, at the sale provided for in the preceding section, shall include all penalties and interest that would have accrued had the sale taken place at the time fixed by law. And in cases where the county treasurer or sheriff shall, by injunction, be restrained from the collection of taxes due upon personal property, and the injunction be dissolved, the county treasurer or sheriff shall collect the original taxes and penalties, with interest from the date of the injunction at the rate of fifty per cent. per annum."

It is contended that this section is violative of section 1, article 11, of the constitution of the state of Kansas, which declares that "the legislature shall provide for a uniform and equal rate of assessment and taxation," and that it is violative of section 17, article 2, which provides that "all laws of a general nature shall have a uniform operation throughout the state; and in all cases where a general law can be made applicable, no special law shall be enacted." It is argued that if an injunction brought to restrain the collection of taxes on real estate be dissolved, all that can be collected by the treasurer is the penalty;

while under similar circumstances, if an injunction to restrain the collection of taxes on personal property be dissolved, in addition to the penalty there shall be collected interest at the rate of fifty per cent. per annum.

The rules laid down in the constitution controlling the legislature in providing for a uniform and equal rate of assessment and taxation, and providing that all laws of a general nature shall have a uniform operation throughout the state, are not limitations on its power to fix a penalty for the non-payment of taxes, or a limitation on it in fixing different penalties for the non-payment of taxes on different kinds of property. It is within the knowledge of all that there is more danger of the state's losing its taxes on personal than on real property. This of itself is a sufficient reason, if one need be given, why different penalties should be provided for the non-payment of taxes on these different kinds of property. There is no constitutional inhibition on the legislature's fixing any penalty for the non-payment of taxes. There is no distinction between the penalties attached for the non-payment of taxes on different classes of personal property. In this respect the law has a uniform operation throughout the state ; it operates on all alike, and is, therefore, not subject to the criticism made on it.

It is contended that the right of way, together with the road-bed, buildings and superstructures erected thereon, is real estate, and included in the definition of "real estate," as expressed in the first sentence of section 7503, General Statutes of 1901, which reads :

"That the terms 'real property,' 'real estate,' and 'land,' when used in this act, except as otherwise specifically provided, shall include not only the land itself, but all buildings, fixtures, improvements. . . ."

This clearly indicates that the legislature contemplated some exceptions to this general definition. This exception is found in the same section, under the definition "personal property," where it is said:

"The term 'personal property' shall include . . . all 'property' owned, leased, used, occupied or employed by any railway or telegraph company or corporation within this state, situate on the right of way of any railway."

The plaintiff's property upon which this tax was levied falls exactly within this definition. It is, therefore, plain that its contention upon this point must be denied, if the legislature has the right to classify property for the purpose of taxation.

The power thus to classify property for the purpose of taxation appears to be generally conceded. In Cooley on Taxation, second edition, page 366, it is said:

"It is customary to classify property for taxation as real and personal, and to assess the two classes on somewhat different principles. The classification is commonly made on common-law distinctions, but this is not necessarily the case, and it will frequently be found that the enumeration of property in statutes as real or personal for the purposes of taxation differs considerably from what it would be for other purposes in the same state."

In Desty on Taxation, volume 1, page 96, it is said:

"The legislature may classify the subjects of taxation. The division of property into real, personal and mixed is a mere arbitrary division, which the legislature may or may not regard in the imposition of taxes. . . . The legislature may make any kind of property personalty for the purposes of taxation, although it be real estate by the common law, and for all other purposes."

There are some other questions argued by plaintiff, but the principles contended for are included in what has already been said.

The judgment is affirmed.

All the Justices concurring.