THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SUMNER *et al.*

No. 15,185.   (92 Pac. 590.)

SYLLABUS BY THE COURT.

1. TAXATION—*Apportionment by State Board of Equalization—Duty of County Clerk.* Where the state board of equalization duly apportions the tax for state purposes among the several counties of the state, and determines that the assessed value of all taxable property other than railroad property in any county shall be increased a given per cent. in order to produce the amount of state taxes so apportioned to such county, and this action of the board is duly certified to the county. clerk of the county, then it becomes the duty of such county clerk either to increase the assessed value of the property as directed or to increase the existing rate thereon so that the tax for state purposes produced from the taxable property of such county other than railroad property at the increased value or rate, as the case may be, will, together with that produced from the railroad property in such county at the existing rate, equal the amount of state tax as apportioned to such county.

2. —— *Rate Increased by County Clerk—Railroad Property Included—Illegal Tax.* Where a county clerk, in such a case, instead of doing as above stated, increased the existing rate sufficiently to carry out the intent of the board of equalization, as above indicated, but such increased rate was applied to all the taxable property in the county, including railroad property, then the tax produced from railroad property by reason of the increase of the rate thereon is excessive and illegal.

3. —— *Recovery of Illegal Tax Paid under Protest.* Where

a railroad company is required, under circumstances as stated in paragraph 2, to pay such excessive and illegal taxes, the same may be recovered.

4. PETITION—*Recovery of Illegal Taxes—Demurrer.* The petition in this case examined and found to state a cause of action, and the demurrer thereto should have been overruled.

Error from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed November 9, 1907. Reversed.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for plaintiff in error.

*James Lawrence,* and *Levi Ferguson,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: On September 20, 1905, the plaintiff in error commenced this action in the district court of Sumner county to recover taxes paid to the county treasurer under protest, which are alleged to be illegal. A joint general demurrer to the petition was sustained, and, the plaintiff electing to stand upon its pleading, a judgment in favor of the defendants was entered for costs. This action of the district court is assigned as error and constitutes the only question presented. The petition, excluding formal parts, reads:

"That during the year 1903 the said plaintiff was the owner of certain railroad property situated in said county of Sumner, state of Kansas, which said property was by the state board of railroad assessors of the state of Kansas duly assessed and valued, as required by law, at the sum of $570,130, for the purposes of taxation for said year 1903.

"That the rate of taxation levied for state purposes against all property in the state of Kansas for said year 1903 was 6.4 mills; that the total assessed valuation of all taxable property in said county of Sumner for the year 1903 was the sum of $6,969,809, of which

sum $1,258,695 was the valuation of railroad property and $5,711,114 was the valuation of taxable property in said county other than railroad property; that the state board of equalization of the state of Kansas, at its meeting held in the month of July, 1903, as required by law, raised the assessment of all taxable property in said Sumner county, except railroad property, ten per cent. for state purposes, in accordance with authority conferred upon it by law, and apportioned the amount of taxes to be raised for state purposes in said Sumner county at the sum of $48,262, which amount was duly certified to the county clerk of said Sumner county, Kansas, by the auditor of state of the state of Kansas.

"That the said county clerk of Sumner county, Kansas, instead of raising the assessed value of all taxable property in said county, other than railroad property, ten per cent., as required by the order of the state board of equalization, raised the rate of taxation for state purposes on all taxable property in said county, including railroad property, from 6.4 mills to 7.25 mills on the dollar valuation, thereby raising the sum of $50,531 for state taxes, said sum being $2269 in excess of the amount of taxes required for state purposes from said Sumner county, as certified by the state board of equalization as aforesaid; that if a rate of 7.04 mills had been levied for state purposes against all the taxable property in said Sumner county except railroad property, and the aforesaid rate of 6.4 mills had been levied for state purposes upon all railroad property in said Sumner county, Kansas, as provided by the order and certificate of the state board of equalization, hereinbefore referred to, there would have been produced thereby the exact amount of taxes required from said Sumner county for state purposes, as certified by said state board of equalization to said county clerk of Sumner county, to wit, the sum of $48,262.

"That the said county clerk of Sumner county, by making the said illegal increase in the levy for state purposes upon railroad property in said county, in effect raised the assessed value of the property of said plaintiff in said county thirteen and one-quarter per cent. (13¼%); and the said plaintiff avers that said county clerk had no authority to change the assessed value of railroad property in said county as fixed by

the state board of railroad assessors for said year 1903, but that the state board of equalization of the state of Kansas alone had authority to change such assessment.

"And the said plaintiff avers that said levy of 7.25 mills for state purposes upon railroad property in said county, so as aforesaid made by said county clerk of Sumner county, was unlawful, illegal, excessive and void to the extent of said excess over said legal rate of 6.4 mills aforesaid, to wit, $^{85}/_{100}$ of a mill, which said unauthorized, illegal, excessive and void rate of taxation, so as aforesaid levied against said property of this plaintiff in said Sumner county, Kansas, to wit, $570,130, produced the sum of $484.58, which said sum was, together with the legal taxes due upon said property of the plaintiff in said county of Sumner, extended upon the tax-rolls of said county by said county clerk and charged against the property of said plaintiff.

"That by reason of said excessive levy of $^{85}/_{100}$ of a mill against its said property in said Sumner county the said plaintiff was compelled to pay a higher rate per cent. of taxation for state purposes than was levied against other property in said Sumner county and in other counties in the state of Kansas for such purposes, and was thereby denied the benefit of a uniform and equal rate of assessment and taxation, guaranteed by the constitution and statutes of the state of Kansas.

"That on or before the 20th day of December, 1903, being desirous of paying the full amount of all taxes legally due from it on its said property in said Sumner county, said plaintiff notified said county treasurer of Sumner county, Kansas, in writing, that said sum of $484.58, being the amount produced by said illegal levy of $^{85}/_{100}$ of a mill, as aforesaid, was unauthorized, excessive, illegal and void, and protested against paying the same on account of said illegality; that said plaintiff offered to pay all legal taxes then due from it in said Sumner county, but said county treasurer declined and refused to give his receipt in full for the legal taxes due from the plaintiff unless the plaintiff should also pay the aforesaid illegal tax, less the amount of rebate thereon allowed by law; that thereupon said plaintiff, protesting, as aforesaid, involuntarily and under urgent and immediate necessity, paid said defendant county treasurer the sum of $472.50, being the amount of said illegal tax less the usual rebate, solely to avoid the issue of legal process for its

collection. And said plaintiff avers that if it had not. so paid said illegal taxes. the said defendant county treasurer of Sumner county would shortly thereafter have issued his warrant to the sheriff of said Sumner county for its collection, and the said property of said plaintiff would have been levied upon and sold under the forms of law. And said plaintiff further avers that said defendant county treasurer of Sumner county receipted for the payment of all taxes due from said plaintiff in said Sumner county for the year 1903; that the payment by said plaintiff to said defendant county treasurer of Sumner county of said illegal tax and of the taxes due from the plaintiff to said county of Sumner for the year 1903 was made by voucher, which contained a further protest against the payment of said illegal taxes, and said defendant·county treasurer receipted said ·voucher for the payment of said illegal tax and all other taxes of the plaintiff· for the said county of Sumner for the year 1903."

The demurrer, of course, admits the truth of all the· facts pleaded in the petition.

It is the duty of the state board of railroad assessors. to assess for taxation all railroad property in the state. (Gen. Stat. 1901, § 7551.) It is the duty of township trustees and city assessors to assess for taxation all other property. (Gen. Stat. 1901, §§ 7564,. 7565.) It is the duty of the state board of equaliza-- tion to equalize values throughout the state by in- creasing or diminishing the values fixed by the as-- sessing officers as to it shall seem equitable. (Gen.· Stat. 1901, § 7609; *Braden, Sheriff, &c., v. Union Trust Co.*, 25 Kan. 362.) It is the duty of the county board of equalization to equalize the values of property as-- sessed by the assessing officers of the county, which does not include railroad property. (Gen. Stat. 1901, §§ 7602, 7603.) In the case of *Braden, Sheriff, &c., v. Union Trust Co., supra,* in considering the duty and powers of the state board of equalization, it was said:

"The board, having before it all assessments for· taxation made upon all the taxable property within the state, may, under the provisions of the foregoing section, equalize such assesments by increasing or de--

creasing the assessments made on any particular portion of the property, provided such equalization does not reduce the aggregate amount of the assessment. Railroad property may be assessed too high or too low, as well as any other property; and it may be assessed at a higher or at a lower rate than the other property of the state is assessed. And to do justice to the railroad companies and to the people of the state, it may be necessary in many cases to increase or diminish the assessments on railroad property." (Page 365.)

The action of the state board of equalization is certified to each county clerk, and it is his duty to comply therewith. (Gen. Stat. 1901, §§ 7610, 7611.) The last-named section reads:

"It shall be the duty of the county clerk in each county, when he shall have received the report of the auditor, as provided in section eighty of this act, to determine the rate per cent. necessary to raise the taxes required for state purposes, as determined by the state board of equalization, and place the same upon the tax-roll of the county, in the manner prescribed by section eighty-four of this act."

In conforming to the requirement of the state board of equalization the county clerk may either increase the values fixed by the assessing officers so that the rate already made will produce the amount required by the state, or increase the rate sufficient for this purpose, as he prefers. (*Geary County v. Railway Co.*, 62 Kan. 168, 61 Pac. 693; *Railway Co. v. Miami County*, 67 Kan. 434, 73 Pac. 103.) The action of the state board of equalization does not affect local taxes, but relates wholly to the tax for state purposes. The whole procedure as applicable to this case, sufficiently summarized, amounts to this:

The state board of equalization, after having performed its duty as prescribed by law, informed the proper official of Sumner county that the railroad property in that county, as compared with other parts of the state, had been fairly assessed, but the other property, as compared with similar property in the state,

had been valued too low, and to be fairly equal to other counties the assessment should be raised ten per cent.; that in accordance with this conclusion the amount of taxes for state purposes apportioned to that county was $48,262; that to raise this amount it would be necessary to increase the assessed value of all the taxable property in the county, other than railroad property, ten per cent., or to increase the rate upon such property so that it, together with the railroad property at the present rate, would produce the required amount.

This seems like a simple proposition. The state board of equalization only exercised the power expressly conferred upon it by law. The county clerk did not perform his duty as prescribed by law, and thereby the plaintiff in error was compelled to pay more than its just proportion of the tax for state purposes. By reason of this illegal levy $2269 state tax was collected in excess of the amount which the state had charged against the county. There does not appear to be any regular way in which this money could be disbursed by the county treasurer, and naturally it would still seem to be in his possession.

We think the petition states a good cause of action as against the demurrer, and therefore the judgment of the district court is reversed, with direction to overrule the demurrer and proceed with the cause.