FRED L. MORRIS V. F. H. MORRIS *et al.*

No. 15,980.

SYLLABUS BY THE COURT.

1. TAX DEEDS — *Excessive Consideration—Evidence—Presumption.* In an action to set aside a tax deed which was good on its face it appeared that the deed was based upon a sale for the delinquent tax of 1897, and that the levy for that year upon the land described in the tax deed was 4.1 mills on the dollar. It also appeared that by chapter 269 of the Laws of 1895 the levy for 1897 for state purposes was 3.7 mills on the dollar. *Held,* that this showing alone was insufficient to overcome the presumption which obtains in favor of every tax deed which is good on its face.

2. —— *Grantee Obligated to Pay Taxes—Agent of Owner— Question of Fact.* Whether or not the person named in a tax deed as grantee was the agent of the owner of the land when it was sold, and charged with the duty of paying the tax, is a question of fact, and, when decided by the district court upon evidence presented, such decision is controlling.

Error from Labette district court; THOMAS J. FLANNELLY, judge. Opinion filed May 8, 1909. Affirmed.

*Archie D. Neale,* for the plaintiff in error.

*W. D. Atkinson,* for defendants in error F. H. Morris and James Beggs.

The opinion of the court was delivered by

GRAVES, J.: This is an action of ejectment. The plaintiff claims to be the owner of the government title to the land in controversy, and the defendants claim it under a tax deed. The district court found the tax deed to be valid and entered judgment in favor of the defendants, to which the plaintiff excepted and prosecutes error.

In our view the validity of the tax deed is the only question which need be considered. The objections to this deed are: (1) The state tax for which the land was sold was in excess of the levy made by the state.

(2) The grantee named in the deed was the agent of the owner of the land, and charged with the duty of paying the tax.

The land was sold for the delinquent tax of 1897. The tax deed was executed September 10, 1901. This action was commenced in the district court of Labette county in 1905. The deed, we assume, is fair on its face, as no claim is made that it is not. The presumption is, therefore, that it is valid and all the proceedings upon which it is based are in every particular regular and in compliance with the law. (Gen. Stat. 1901, § 7676.) To overthrow the deed it was shown that the amount of state tax levied on the land in question for the year 1897 was 4.1 mills on the dollar, while the levy for state purposes made for that year by chapter 269 of the Laws of 1895 was 3.7 mills, showing an apparent excess in the levy of .4 of a mill. This seeming discrepancy may be explained, however, as being the result of a practice which is not unusual or illegal in tax proceedings. It often happens that the state board of equalization, in order to equalize the amount of tax among the counties of the state, orders the commissioners of some county to increase the valuation in that county so that the property will produce what appears to be the just proportion of the tax due the state from such county. The county officers may comply with this order either by increasing the valuation of property over the county so it will produce the required amount under the levy made or by increasing the levy so that it will produce the necessary amount upon the valuation already made. (Gen. Stat. 1901, §§ 7609-7611; *Geary County v. Railway Co.*, 62 Kan. 168; *Railway Co. v. Miami County*, 67 Kan. 434.) From this it will be seen that the difference between the amount of the levy for which the land was sold and that made by the state may have resulted from following a regular and in every way valid tax procedure. When a tax deed is valid on its face, and is assailed by evidence

*aliunde* to show that some fatal omission was made in the antecedent proceedings, some affirmative proof should be presented tending to establish the supposed defect. The mere production of evidence which is as consistent with the validity of the deed as with its invalidity is not sufficient to overcome the presumption which obtains in its favor. We concur in the view of the district court as to this objection.

Whether or not the grantee named in the deed was the agent of the owner when the tax should have been paid is a question of fact, which was fully tried by the court upon the evidence presented, and we do not feel that its findings should be disturbed. The deed appears to be valid.

The judgment is affirmed.