THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF HARPER et al., *Appellees.*

No. 17,712.

SYLLABUS BY THE COURT.

TAXATION—*Valuation by State Board May be Used as Basis for Levy.* Chapter 78 of the Laws of the special session of 1908 made it unlawful for the local taxing officers in any county to make any tax levy that would produce a sum of money in excess of two per cent more than a sum that would have been produced by the levy of the maximum rate authorized for the year 1907. *Held,* that the fact that the taxing officers of Harper county in the year 1907 used as a basis for the levy the valuation of taxable property before the same was raised by the state board of equalization did not prevent them in 1908 from making a levy for general purposes which would produce a sum not in excess of two per cent more than they might lawfully have raised in 1907, if in that year they had used as a basis the increased valuation of the state board.

Appeal from Harper district court. Opinion filed February 8, 1913. Affirmed.

*William R. Smith, O. J. Wood,* and *A. A. Scott,* all of Topeka, for the appellant.

*E. C. Wilcox,* county attorney, for the appellees.

The opinion of the court was delivered by

PORTER, J.: Action to recover taxes alleged to be illegal which the railway company paid under protest.

Under the provisions of chapter 409 of the Laws of

1907 the county commissioners of Harper county were authorized to make a general levy of ten mills on the dollar for general purposes for that year.  By the provisions of chapter 78 of the Laws of the Special Session of 1908 they were authorized to make the same levy for general purposes as in 1907 plus two per cent thereof.  In 1907 they made a levy of ten mills for general purposes.  It appears that the county board fixed the value of taxable property in Harper county for 1907, outside of railroad property, at $2,995,206.  The state board of equalization raised it to $3,609,653.  In 1908 the county board levied for general purposes a tax of 1.6 mills, which the appellant claims was excessive to the extent of .269 mill on the dollar.  In order to determine the extent of authority in the local board to levy a tax for general purposes in 1908 it is necessary as a basis to ascertain what they might have levied lawfully for that purpose in 1907.  The question directly involved is whether the local board had the right in 1907 to use the valuation fixed by the state board of equalization as a basis, or was confined to the valuation fixed by the local board itself.  In *Geary County v. Railway Co.*, 62 Kan. 168, 61 Pac. 693, it was decided and ruled in the syllabus that:

"Whenever the valuation of taxable property in any county is changed by the state board of equalization, the board of county commissioners of such county are authorized to use the valuation so fixed by the state board as a basis for making their levies for all purposes, but are not bound so to do." (Syl. ¶ 1.)

The same thing was decided again in *Railway Co. v. Miami County*, 67 Kan. 434, 73 Pac. 103.  The contention of the appellee is that it is wholly immaterial what basis was in fact used by the local board in 1907 if it was authorized to use the basis fixed by the state board of equalization.  We think the contention is sound.  The tax levied in 1907 is not involved here.  The tax complained of is that of 1908, and the legislature at the

special session of 1908, by chapter 78 of the Laws of that year, authorized the boards in all counties to make the same levy for general purposes which they were authorized to make in 1907 plus two per cent thereof. The legislature if it had seen fit to do so might have authorized only a levy for general purposes the same as actually made in 1907, but it used broader language and fixed as a basis for 1908 the maximum levy authorized in 1907. It is true, as appellant contends, that it has been frequently held that the valuation fixed by the state board of equalization does not affect local taxes, but relates solely to the tax for state purposes. (See *Railway Co. v. Sumner County,* 76 Kan. 618, 92 Pac. 590, and cases cited.) And yet, as repeatedly decided, the appellees were authorized to use the valuation fixed by the state board if they deemed it advisable to do so. (*Railway Co. v. Miami County,* supra.)

It should be observed, however, that the legislature has changed the law, and it is now the duty of the local boards to use the valuation fixed by the state board as a basis for all levies. (Laws 1908, ch. 79.)

The law as it formerly existed controls this case, and the judgment is affirmed.