Railway Co. v, Cowley County.

.No. 18,803.

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE · COUNTY OF COWLEY et al., *Appellees.*

SYLLABUS BY THE COURT.

TAXATION — *Current Expenses — Classification of Counties — Population and Valuations—Statute Valid.* Chapter 409 of the Laws of 1907, which provides for the levy of taxes for the current expenses of the different counties of the state and classifies them according to the valuations of taxable property therein, and creating a class of counties in which the population is great and the valuations of taxable property are small, can not be held to be invalid on the ground that the classifications are unreasonable, without a substantial basis or not germane to the purposes of the act.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed February 12, 1916. Affirmed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* and *Harlow Hurley,* all of Topeka, for the appellant.

*J. A. McDermott,* of Winfield, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover taxes paid under protest by the railway company which it alleges exceeded the amount the company was legally bound to pay. The facts relating to valuations, the levies made, the total amount paid and the amount paid under protest were included in an agreed statement of facts, and upon these facts the trial court decided that the taxes were legal obligations of the company.

In levying a tax upon property for 1908 it was provided by the legislature, in effect, that the board of county commissioners could not impose a tax that would produce a sum of money in excess of two per cent more than would have been produced by the levy of the maximum rate on the assessed valuation of the property for the year 1907. (Laws 1908, ch. 78, § 1.) The levy authorized by that act being founded on the assessment made in 1907, it becomes important to examine the act under which the levy was made in 1907. It was competent for the

legislature to provide that the taxing officers should use the valuation of 1907 and the maximum levy authorized at that time as the basis of the .assessment in 1908. (*Railway Co. v. Harper County,* 88 Kan. 651, 129 Pac. 1165.)

It is contended, however, that the act of 1907 is itself invalid and afforded no legal basis for the levy of 1908. The contention is that the classification in the act is arbitrary and unreasonable, giving it a special effect which renders it unconstitutional. It provides:

"The board of county commissioners of any county shall not levy upon the taxable property of such county a tax for current expenses of said county of any one year in excess of the following amounts: Upon a valuation of five million dollars and under, one per cent; over five millions and under six millions, eight and one-half mills; over six millions and under seven millions, seven and one-half mills; over seven millions and under. eight millions, six and one-half mills; over eight millions and under nine millions, five and three-fourths mills; over nine millions, one-half of one per cent; provided, that in counties having a population of thirty thousand or more the board of county commissioners is authorized and empowered to levy one and one-half per cent upon the valuation when the same is seven million dollars or under; provided further, that the electors of any county in the state, by a direct vote, may order an increase of such levies." (Laws 1907, ch. 409, § 1.)

· If this act and that of 1908 are invalid it would follow that the act of 1885, which the act of 1907 purported to repeal, would be in force, and if still in force would authorize a larger levy than the one actually made under the law of 1907. But is the act of 1907 invalid? Is the classification so arbitrary, capricious and unreasonable as to conflict with the constitution? It will be observed that the classification is founded on valuations, and these have long been recognized as a proper basis of classification in legislation providing for taxation and the expenses of municipal government. Under the provisions the rates decrease as the valuation ascends, but it is provided that when the population exceeds thirty thousand and the valuation is less than seven millions an increased rate may be levied. It is insisted that this feature of the law renders the act inoperative. A classification on the basis of population and on valuations is frequently made and is sustained where it is based upon substantial distinctions which are reasonably germane and pertinent to the subject matter. (*Parker-Washington Co. v. Kan-*

sas City, 73 Kan. 722, 85 Pac. 781.) If there is an essential difference between counties having a large population and a low valuation, and those counties where the population is more nearly in proportion with the valuation, then it may be said that there is a reasonable basis for the classification. It is not easy to find an absolutely just basis for taxation, but it is generally recognized that equality of taxation can only be attained by classification.

Is there a substantial distinction for the classification that has been made for counties which have a great number of people and a small valuation of taxable property? It appears that Cowley county had a population of about thirty-four thousand and that the assessed valuation of the property was less than seven millions. It is well known that the salaries of officers increase as the population of a county increases, and also that other expenses of government are augmented as the county becomes more populous. This condition then appears to afford a reasonable basis for a classification so that counties of that class may be able to meet the general expenses under the prescribed rates.

It is said that the fixing of the limitations of population at thirty thousand and the valuation at seven millions is arbitrary and that there is little reason for a different rate in counties where the population is thirty thousand instead of twenty-nine thousand, or the valuation a little less than seven millions, instead of a little more. It may be that there is little difference where the population is a few more or less than the number fixed, or a little more or less in the valuation than that prescribed by the act; but if there is a real basis for a distinction where the population is high and the valuation low it devolves upon the legislature to determine where the limitation shall be placed, and if not obviously unreasonable their determination will be valid. In such a case the limitation must be placed somewhere, and it belongs to the legislature to decide what the necessities of the municipalities are and to fix the line where the limitation shall be placed. A limitation based on a particular number or amount is artificial to some extent, but it has to be fixed and the lawmakers are the ones to decide what classification is the most judicious and the most appropriate, and where the line of division between the classes shall be fixed. Such limitations are found in the constitution itself, and

although in a sense arbitrary, it was deemed necessary and reasonable to make the particular limitations that were made. For instance, it is ordained that a county shall be entitled to a representative in the legislature, in which 250 legal votes were cast at the next preceding general election, and yet it may not readily appear why it was fixed at that number rather than at ten more or less than the limit fixed. In providing a scheme of taxation the constitution requires that each family shall be entitled to an exemption on its personal property to at least the amount of two hundred dollars. The wisdom of placing it at exactly two hundred instead of two hundred and fifty or three hundred may not be readily apparent, but a limit had to be fixed and the wisdom of fixing the limits was vested in the makers of the constitution. In legislation where there is an essential difference and a real basis for the classification which is made, the mere fact that the line dividing the classes is placed at one point rather than another will not impair the validity of the classification. It is the function of the legislature to adopt the classification, and within the limits of the constitution it may place the line of division between them at the point which it decides is most suitable and will bring the best results. The function of the court is not to decide whether the classification is the wisest or the best that could be made, but only to inquire whether it rests on a substantial basis and is germane to the purposes of the law. The court can go no farther than to decide whether the legislature has kept within the limits of the constitution.

In our view, the classification herein appears to be germane to the subject matter of the law and to be based on substantial distinctions. The law applies to all within the classes established and appears substantially to cover the entire ground of classification. In that respect it differs from the cited case of *Board of Education v. Davis*, 87 Kan. 286, 123 Pac. 885, which excluded a number of municipalities from the classes created and made classes for which no rational theory or basis could be found.

The objection that the act fixes the valuation at over seven million and under eight million and made no provision for cases where the valuation is exactly seven million or eight million is not substantial.

The judgment of the district court is affirmed.