The Honorable Bob Grant State Representative, Second District R.R. 1, Box 63A Cherokee, Kansas 66724
Dear Representative Grant:
You request our opinion regarding the constitutionality of 1994 senate bill no. 459. Specifically, you question whether the bill violates article 11, section 1, article 2, sections 16 and 17 of the Kansas constitution or section 1 of the Kansas bill of rights, by offering an amnesty program in one county without such being available to all taxpayers in the state.
Section 1 of 1994 senate bill no. 459 creates an amnesty program for property taxpayers in Wyandotte county. Section 2 of the bill clarifies that county treasurers are authorized to accept partial payment of delinquent real property taxes. Section 1 states in part:
 "(a) In accordance with the provisions of this section, the board of county commissioners of Wyandotte county may institute and administer a property tax accumulated interest amnesty program. Such program shall only be in effect for a 60-day period as specified by such board, and shall be instituted and completed prior to July 1, 1995. . . .
 "(b) Upon completion and execution of an application affidavit for eligibility for participation in the amnesty program by a qualified person, and payment of all or a portion of delinquent property tax, the county treasurer shall cancel all accumulated interest which has accrued upon the amount of such tax paid."
This provision allows Wyandotte county to cancel the accumulated interest applicable to delinquent property taxes in certain circumstances. It does not authorize the county to forgive or release the taxes that have become due and payable. The Kansas Supreme Court has held that penalties and interest prescribed by the legislature for non-payment of taxes are not subject to the uniform and equal provisions of article 11, section 1 of the constitution. Only the tax itself is subject to the requirement of "uniform and equal basis of valuation and rate of taxation." Railway Co. v. Miami County, 67 Kan. 434, 439 (1908).See also 71 Am.Jur.2d State and Local Taxation sec. 168 (1978). It is therefore our opinion that the provision of 1994 senate bill no. 459 allowing for the forgiveness of interest on some, but not all, delinquent property taxes does not violate the uniform and equal provisions of article 11, section 1 of the Kansas constitution.
Article 2, section 17 of the constitution provides as follows:
 "All laws of a general nature shall have a uniform operation throughout the state: Provided, The legislature may designate areas in counties that have become urban in character as `urban areas' and enact special laws giving to any one or more of such counties or urban areas such powers of local government and consolidation of local government as the legislature may deem proper."
In Stephens v. Snyder Clinic Ass'n, 230 Kan. 115, 127 (1981), the Kansas Supreme Court discusses the history and purpose of article 2, section 17. The court noted that in 1974 the section was revised to eliminate the sentence which required that "in all cases where a general law can be made applicable, no special law shall be enacted." Thus, since this revision, the constitution only requires that "all laws of a general nature shall have a uniform operation throughout the state."
In Ullrich v. Board of Thomas County Commissioners, 234 Kan. 782,787 (1984), the Court further clarified this holding:
 "[S]ince the 1974 revision of Article 2, Section 17, the enactment of special legislation by the Kansas legislature is no longer prohibited by that section, and the Kansas legislature has the authority to enact special legislation applicable to a single county without the legislation being subject to attack under the provisions of Article 2, Section 17, as special legislation. We hold that under Article 2, Section 17, special legislation, as such, is no longer prohibited even when a general law might have achieved the same purpose. As stated in Stephens, the only legislation now prohibited by Article 2, Section 17, is legislation of a general nature which does not operate with geographical uniformity throughout the state."
The statute at issue in Ullrich was one which dealt specifically with Thomas county, just as 1994 senate bill no. 459 deals specifically with Wyandotte county. The Kansas Supreme Court held that such special legislation is no longer prohibited by article 2, section 17 of the Kansas constitution.
With regard to article 2, section 16, you inquire whether it is appropriate to have the amnesty provisions in the same piece of legislation as the partial payment provisions. Article 2, section 16 prohibits placing more than one subject in the same bill, with the exception of appropriation bills and bills for revision or codification of statutes. However, the provisions of article 2, section 16 are to be liberally construed to effectuate the acts of the legislature. Kan. Const., art. 2, sec. 16. The standard for review of a challenge under this provision was set forth in State v. Reves, 233 Kan. 972, syl. para. 1 (1983):
 "Art. 2, sec. 16, of the Kansas Constitution should not be construed narrowly or technically to invalidate proper and needful legislation, and where the subject of the legislation is germane to other provisions, the act is not objectionable as containing more than one subject or as containing matter not expressed in the title. This provision is violated only where an act embraces two or more dissimilar and discordant subjects that cannot reasonably be considered as having any legitimate connection with or relationship to each other." See also Harding v. K.C. Wall Products, Inc., 250 Kan. 655, 671, 672 (1992).
Both sections 1 and 2 of 1994 senate bill no. 459 deal with the collection of delinquent real property taxes. We cannot say that these two provisions are so dissimilar and discordant that they cannot reasonably be considered as having any legitimate connection with or relationship to each other, particularly in light of the requirement to liberally construe section 16 to effectuate acts of the legislature.
Finally, you question whether the bill violates section 1 of the Kansas bill of rights which provides that "[a]ll men are possessed of equal and inalienable natural rights, among which are life, liberty, and the pursuit of happiness." Section 1 of the bill of rights is "given much the same effect as the Equal Protection Clause of the Fourteenth Amendment."State ex rel. Tomasic v. City of Kansas City, 237 Kan. 572, 583 (1985);State ex rel. Tomasic v. Kansas City, Kansas Port Authority, 230 Kan. 404,426 (1981).
 "The court observed the Equal Protection Clause `imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of state taxation.' 358 U.S. at 526. The state taxation scheme must have a rational basis with classifications based on differences having a fair and substantial relation to the object of the legislation. In Allied Stores of Ohio the court found `a statute which encourages the location within the State of needed and useful industries by exempting them, though not also others, from its taxes is not arbitrary and does not violate the Equal Protection Clause of the Fourteenth Amendment.' 358 U.S. at 528." Port Authority, 230 Kan. at 425.
The basis of section 1 of 1994 senate bill no. 459 appears to be to encourage taxpayers to come forward and pay all or part of their delinquent real property taxes by offering to cancel all accumulated interest on such taxes. We believe there is a rational basis for this. Further, having been given no facts to indicate a complete absence of any rational basis for offering this program in Wyandotte county but not elsewhere, we cannot say that the classification is not "based on differences having a fair and substantial relation" to the purpose of the act. If there is any set of facts lending support to the reasonableness of the classification created, the statute cannot be deemed unconstitutional.
In conclusion, 1994 senate bill no. 459 does not violate the uniform and equal provisions of article 11, section 1 of the Kansas constitution, nor is it violative of sections 16 and 17 of article 2 of the constitution, or section 1 of the Kansas bill of rights.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm