THE STATE OF KANSAS, *on the Relation of L. B. Kellogg, Attorney General,* v. THE BOARD OF COMMISSIONERS OF WABAUNSEE COUNTY.

BRIDGE—*Repairs—Valid Statute.* Chapter 98 of the Laws of 1889, entitled "An act authorizing the county commissioners of Wabaunsee county to appropriate money," etc., provides: "The county commissioners of Wabaunsee county are hereby authorized and empowered, and it is made their duty, to appropriate such sum of money as may be necessary to keep in repair" a certain bridge. *Held,* That the words, "it is hereby made their duty," being broader than the title, must, to sustain the constitutionality of the act, be regarded as nugatory; that it was discretionary with the commissioners to make repairs, and they could not be compelled to do so by *mandamus.*

*Original Proceeding in Mandamus.*

PETITION filed in this court August 18, 1890. The opinion herein, filed April 11, 1891, contains a sufficient statement of the case.

*L. B. Kellogg,* attorney general, and *J. F. Peffer,* for plaintiff. *Hazen & Isenhart,* and *J. B. Barnes,* for defendant.

*Per Curiam:* The question in this case comes up on a motion filed by plaintiff for judgment on the pleadings, and therefore the only question for this court to decide is, whether the petition and answer entitle the plaintiff to the relief sought. This depends upon the construction of chapter 98 of the Session Laws of 1889. The title of this act is: "An act authorizing the county commissioners of Wabaunsee county to

appropriate money," etc. The act itself contains this language: "The county commissioners of Wabaunsee county are hereby authorized and empowered, and it is hereby made their duty, to appropriate such sum of money as may be necessary to keep in repair," etc. The words, "it is hereby made their duty," if given full force, are broader than the title. To sustain the constitutionality of the act, these words must be regarded as nugatory, and the act must be construed as merely authorizing the county commissioners at their discretion to repair the bridge. Under this construction of the act, the county commissioners cannot be compelled by *mandamus* to make any repairs. (*Town of Cantril v. Sainer*, 59 Iowa, 26; *City of Emporia v. Volmer*, 12 Kas. 630; *Stebbins v. Mayer*, 38 id. 573.)

The peremptory writ will be denied.