THE OTTO GAS-ENGINE WORKS, *a Corporation*, v. STUART HARE *et al.*

No. 12,102. (67 Pac. 444.)

SYLLABUS BY THE COURT.

1. CONDITIONAL SALES—*Registry Act Sustained.* An act entitled "An act to regulate the recording of title-notes or evidences of conditional sales," being chapter 255 of the Laws of 1889 (Gen. Stat. 1901, § 4257), is not unconstitutional and void by reason of the narrowness or insufficiency of the title.

2. ——— *Title of Act Construed.* The authority to regulate con-

ditional sales includes the power of making and preserving a
record of them for the protection of innocent parties dealing with
those in possession of property where any title thereto is reserved
to the vendor.

3. ———— *Evidence Sufficient.*  The evidence examined and held
to be sufficient to sustain the finding that the transfer of the
property in controversy was a conditional sale.

Error from Dickinson district court; O. L. MOORE,
judge.   Opinion filed January 11, 1902.   Affirmed.

*Bond & Osborn,* and *Gleed, Ware & Gleed,* for plain-
tiff in error.

*Hurd & Hurd,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. : The Otto Gas-engine Works sold an
engine and fixtures upon credit to G. G. Gillett, of
Woodbine, upon the condition that the title to the
same was to remain in the seller until full payment
should be made by the purchaser.   It was shipped
and set up in Gillett's elevator, and within a few
weeks Gillett, for a valuable consideration, sold the
property to Joseph Reed.   When Reed purchased the
engine and other property he was not aware that the
Otto Gas-engine Works had any claim upon the en-
gine and fixtures, and he had no notice, actual or
constructive, that the sale was a conditional one.   A
dispute arose at once between the parties as to the
ownership and right of possession of the property,
with the result that an action of replevin was brought
against Reed and Hare.   The testimony produced at
the trial tended to show that the transaction was a
conditional sale, and the trial court found that it was
such a sale, and that because the written contract and
evidence of the conditional sale was not filed or de-

posited in the office of the register of deeds, the reservation of title in the property sold was void as to the innocent purchaser, Reed. In the findings and opinion given by the trial court, it was well said :

"Before the enactment of chapter 255, Laws of 1889, it was settled law in this state that, when personal property was sold on condition that the title should not pass until the price was paid, the vendee was not regarded as a purchaser until the condition was performed, and he could not convey any interest in the property as against the vendor, even to an innocent purchaser. (*Hallowell v. Milne*, 16 Kan. 65 ; *Implement Co. v. Parlin & Orendorff Co.*, 51 id. 546, 33 Pac. 360.)

"It was doubtless to prevent the injustice that parties were often enabled to practice under the rule established under these cases that the legislature of 1889 enacted a law which provides : 'That any and all instruments in writing, or promissory notes, now in existence or hereafter executed, evidencing the conditional sale of personal property, and that retains the title to the same in the vendor until the purchase-price is paid in full, shall be void as against innocent purchasers, or the creditors of the vendee, unless the original instrument, or a true copy thereof, shall have been deposited in the office of the register of deeds in and for the county wherein the property shall be kept, and when so deposited shall be subject to the law applicable to the filing of chattel mortgages.'

"It is very clear that this statute in no manner changes, as between themselves, any of the rights of the immediate parties to a conditional transfer of property which are created or reserved by their contract. But it is the rights and interests of the creditors of or purchasers from the vendee which were intended to be protected by the statute. This statute will not permit the owner of property to sell it, either absolutely or conditionally, and place the same in possession of the purchaser, and at the same time, without notice to the world, suffer the real ownership

Otto v. Hare.

to be in one person and the ostensible ownership in another, thereby giving a false credit to the latter, and in this way work injury to third persons."

The main contention of the plaintiff is that by reason of the narrowness of the title the act referred to is unconstitutional so far as it applies to writings evidencing conditional sales. The title is "An act to regulate the recording of title-notes or evidences of conditional sales." (Laws 1889, ch. 255; Gen. Stat. 1901, §4257.) It is argued that until this act was passed conditional sales were valid without making a record of any writings; that regulation contemplates the existence of something to be regulated; and that a title which states that the object of an act is to regulate the recording of writings is not broad enough to cover an act which requires the recording of writings not previously recorded and which makes such writings void if not recorded.

As has frequently been held, the constitutional limitation invoked has not been construed or applied in a narrow or technical sense. ( *Woodruff v. Baldwin,* 23 Kan. 491; *The State v. Barrett,* 27 id. 213; *In re Sanders, Petitioner,* 53 id. 191, 36 Pac. 348, 23 L. R. A. 603; *Rogers v. Morrill,* 55 id. 737, 42 Pac. 355; *Rathbone v. Hopper,* 57 id. 240, 45 Pac. 610, 34 L. R. A. 674.) The plaintiff asks for a strict and technical interpretation of the word "regulate," used in the title, and one not in keeping with the liberal rule applicable to the title of acts. The general subject of the act is the making of a record of the evidences of conditional sales; or, in a still broader sense, it may be said that the subject is "conditional sales." One of the synonyms of the word "regulate" is "govern"; and so the title might read: "An act to govern the recording of title-notes or evidences of conditional

6—64 KAN.

sales." The word "regulate" is defined by Webster: "To adjust by rule, method, or established mode; to direct by rule or restriction; to subject to governing principles, or laws." The act provides a rule in relation to conditional sales and for making and preserving a record of them for the protection of innocent parties dealing with those in possession of property so sold. We have no doubt that the title is comprehensive enough to cover the provisions of the act.

The findings of the court appear to be sustained by the evidence, and, there being no material error in its rulings, its judgment will be affirmed.

DOSTER, C. J., SMITH, GREENE, JJ., concurring.