THE STATE OF KANSAS, *ex rel. C. C. Coleman, as Attorney-general,* v. PETER EVERHARDY.

No. 15,285  (90 Pac. 276.)

INTOXICATING LIQUORS—*Removal of Mayor from Office—Title of an Act.* It was said that the title to an act (Laws 1887, ch. 165) is broad enough to cover provisions for the removal of a mayor from office by a civil action for the neglect of official duties relating to the enforcement of the prohibitory liquor law.

Original proceeding in *quo warranto.* Opinion filed May 11, 1907. Judgment for plaintiff.

*Fred S. Jackson,* attorney-general, and *John S. Dawson,* assistant attorney-general, for The State.

*F. P. Fitzwilliam,* for defendant.

*Per Curiam:* The state, on the relation of the attorney-general, brought this suit to oust Peter Everhardy from the office of mayor of the city of Leavenworth, upon the ground that, having knowledge that many persons were constantly engaged in keeping and maintaining saloons, tippling-houses and dram-shops within the city where intoxicating liquors were openly and flagrantly sold in violation of the prohibitory liquor law, and that the city, of which he was the chief officer, was receiving, through pretended fines and forfeited bail in simulated prosecutions, the sum of $50 every month from each of the keepers of such places, as license fees for permission to carry on the illicit business, he failed to notify the county attorney of these violations or to furnish that officer with the names of witnesses by whom such violations could be proved, as his duty and the obligations of the law require him to do. The non-observance of these requirements of the law was admitted by the defendant; but he contends that the act imposing these duties upon the mayor, and making the neglect of them a ground of forfeiture, for which he may be removed from office by civil ac-

tion, is obnoxious to the constitution, in that the title is not broad enough to cover the provision for the removal from office by a civil action for the neglect of such official duty.

The title of the act is about as broad and comprehensive as it could well be made. It is, "An act relating to intoxicating liquors, and amendatory of and supplemental to" a number of acts prohibiting the manufacture and sale of intoxicating liquors, the titles of which are given. (Laws 1887, ch. 165; Gen. Stat. 1901, § 2452 *et seq.*) Under numerous decisions upon the limitation of section 16 of article 2 of the constitution (Gen. Stat. 1901, § 134) it is clear that the act contains no more than one general subject; that its provisions bear a natural relation to each other; and that the one challenged is fairly included within the title of the act. (*Woodruff v. Baldwin,* 23 Kan. 491; *Philpin v. McCarty, Supt., &c.,* 24 Kan. 393; *Comm'rs of Marion Co. v. Comm'rs of Harvey Co.,* 26 Kan. 181; *The State v. Bush,* 45 Kan. 138, 25 Pac. 614; *In re Sanders, Petitioner,* 53 Kan. 191, 36 Pac. 348, 23 L. R. A. 603; *Lynch v. Chase,* 55 Kan. 367, 40 Pac. 666; *In re Greer,* 58 Kan. 268, 48 Pac. 950; *The State v. Rose,* 74 Kan. 262, 86 Pac. 296, 6 L. R. A., n. s., 843; *The State v. Thomas,* 74 Kan. 360, 86 Pac. 499.)

All the objections urged against the validity of the statute are answered in the cited cases, and further comment is therefore unnecessary. The act being valid, and the derelictions of duty being admitted, it must be found and adjudged that the defendant has forfeited his office, and hence judgment is rendered against him in accordance with the prayer of the plaintiff's petition.