THE FIRST NATIONAL BANK OF HUTCHINSON, KANSAS,
v. S. C. PEARCE.

No. 15,190.   (92 Pac. 53.)

SYLLABUS BY THE COURT.

1. CONSTITUTIONAL LAW—*Laws Amended or Repealed by Implication.* An act of the legislature incidentally touching upon the subject of a former act and amending it by implication is not within the inhibition of section 16 of article 2 of the constitution (Gen. Stat. 1901, § 134) requiring that the new act shall contain the section or sections amended.

2. ———— *Title of Act Sufficient.* Chapter 168 of the Laws of 1899 (Gen. Stat. 1901, §§ 4234-4239) is not obnoxious to the constitutional requirement that the subject of the act shall be clearly expressed in its title.

Error from Ness district court; CHARLES E. LOBDELL, judge. Opinion filed October 5, 1907. Affirmed.

*Vandeveer & Martin,* for plaintiff in error.

*Foulks & Wilson,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: S. C. Pearce executed a promissory note for $300, payable to C. A. Rathbun one year after date, and at the same time gave a mortgage on real estate to secure the payment of the note. Rathbun transferred the note and mortgage to the First National Bank of Hutchinson, but no record of the assignment or transfer was made.

Pearce, having no knowledge of the assignment, paid the indebtedness to Rathbun, except $20 of the interest. When the bank insisted on the payment of the note Pearce answered that he had previously paid the mortgage debt to the apparent owner, except $20 of the interest, which he then tendered; and he also contended that as no assignment of the mortgage had been recorded or brought to his notice, as the statute requires, the debt was discharged.

A verdict and judgment for the $20, conceded to be due, resulted from a trial, and the plaintiff complains.

The justification for the payment to Rathbun is based on "An act in relation to assignments of real-estate mortgages and to repeal chapter 160 of the Session Laws of 1897." (Laws 1899, ch. 168, § 3.) Among other things it provides for the recording of assignments of mortgages, and if an assignment has been made and not recorded a payment by the mortgagor to the mortgagee will operate to extinguish the mortgage indebtedness. That this will be the effect of the act, if it is deemed to be valid, is not denied, but it is contended that it violates a limitation of the constitution and is therefore without force.

The first contention is that section 3 of the act when passed was amendatory of the general statute then in force relating to bonds, notes and bills (Gen. Stat. 1901, ch. 14), and as the new act does not contain the sections amended it violates the second clause of section 16 of article 2 of the constitution. (Gen. Stat. 1901, § 134.)

An examination of the two acts discloses that there is no close relationship between them. The earlier one prescribes rules governing bonds, notes and bills of exchange, while the later one is complete in itself and provides for the recording of assignments of real-estate mortgages and the payment of mortgage indebtedness. Incidentally the act touches promissory notes, as well as other kinds of mortgage indebtedness, but it does not affect negotiable instruments not secured by real-estate mortgages. It is plain that the purpose and scope of the later enactment are quite distinct from and independent of those of the earlier one. It is true that the statute in question, like most legislative acts, does remotely affect existing legislation, but it only amends the earlier act by implication, and the objection that counsel makes does not reach amendments of that character. It was expressly held in the recent case of *Parker-Washington Co. v. Kansas City,* 73 Kan. 722, 85 Pac. 781, that "statutes which effect the amendment of existing laws by implication are not within the purview of the constitutional provision that 'no law shall be revived or amended, unless the new act contain the entire act revived, or the section or sections amended, and the section or sections so amended shall be repealed.'" (Syllabus.)

The second contention is that the subject of the act is not clearly expressed in its title. The title of the act, as will be noted, is general and inclusive in character, and within the interpretation given to the first clause of section 16 of article 2 of the constitution (Gen. Stat. 1901, § 134) the title fairly covers the provisions embraced in the act.

The judgment of the district court is affirmed.