City of Winfield v. Bell.

THE CITY OF WINFIELD, *Appellee,* v. ROSCOE BELL, *Appellant.*

No. 18,008.

SYLLABUS BY THE COURT.

STATUTE—*Poll Tax—Penalty—Constitutional.* The title of the "Act in relation to roads and highways" (Laws 1911, ch. 248) is sufficiently comprehensive to cover the provision in the act which imposes a penalty on those who are chargeable with a poll tax and refuse to pay the same.

Appeal from Cowley district court. Opinion filed March 8, 1913. Affirmed.

*W. P. Hackney, J. T. Lafferty,* and *Roscoe Bell,* all of Winfield, for the appellant.

*O. P. Fuller,* of Winfield, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This case involves the validity of a provision of the road law recently enacted which requires the payment of a poll tax and provides that any one failing to pay the tax shall, upon conviction, be adjudged guilty of a misdemeanor. (Laws 1911, ch. 248, § 36.) The appellant resisted the payment of the tax on the ground that the provision imposing a penalty for nonpayment is not within the title of the act. The title is, "An act in relation to roads and highways," and repealing certain acts and parts of acts which are named. This is one of the broadest and most comprehensive of titles. It has a single subject, which fairly embraces all the steps in establishing, building and maintaining highways, and for raising the revenue necessary to accomplish the legislative purpose. The provisions for enforcing compliance with the act are naturally and reasonably connected with its subject, and are germane to its title. Acts with general titles of this kind, prescribing requirements, and which in-

clude provisions to compel obedience to them, have been frequently considered and upheld. It was said in *Harrod v. Latham,* 77 Kan. 466, 94 Pac. 11, that:

"An examination of many of our general laws will show that the incorporation of penalties in acts having only a general and comprehensive title has been common practice in our legislation. The executor's act has such a general title, and yet it embraces an instance of embezzlement and provides punishment therefor. 'An act in relation to marriage' is another example of this practice. 'An act in relation to roads and highways' includes penalties for obstructing roads, defacing mile-stones, and the like. Whenever the penalty is fairly incidental to the regulation of the subject expressed it may properly be included in the act without special mention in the title. The act in question is to regulate insurance companies, and this suggests means to make the regulation effective. To regulate is to direct by rule or restriction; to govern." (p. 468.)

Other authorities tending to sustain the validity of such a title are: *Bowman, et al., v. Cockrill,* 6 Kan. 311; *Woodruff v. Baldwin,* 23 Kan. 491; *La Harpe v. Gas Co.,* 69 Kan. 97, 76 Pac. 448; *The State v. Thomas,* 74 Kan. 360, 86 Pac. 499; *The State v. Everhardy,* 75 Kan. 851, 90 Pac. 276; *In re Ellis,* 76 Kan. 368, 91 Pac. 81; *State v. Peyton,* 234 Mo. 517, 137 S. W. 979, 25 A. & E. Ann. Cas. 154 and note.

The legislative purpose was to provide for the establishing, making and maintaining of highways, and the penalty provision in the act has a logical connection with the general subject and is fairly adapted to accomplish the legislative purpose. The act is valid, and under section 15 thereof the city was given power to pass any ordinance necessary to carry out the provisions of the act.

The judgment of the district court is affirmed.