No. 18,628.

ELLA M. COSTELLO, as Administratrix, etc., *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS of the County of Riley, *Appellee.*

SYLLABUS BY THE COURT.

1. DEATH — *Defective Bridge — Traction Engine — Failure to Plank Bridge—Construction of Statutes.* Under section 658 of the General Statutes of 1909 as affected by section 45 of chapter 248 of the Laws of 1911 damages for death or injury caused by a defective bridge to one passing thereover with a traction engine weighing more than three tons can not be recovered unless it be shown and the jury find that the person killed or injured complied with the latter section in respect to planking such bridge.

2. SAME. Under the section last mentioned it is not necessary that a traction engine be used for transporting or distributing oil or other merchandise or commodity in order that the operator thereof be required to plank a bridge over which he moves such engine weighing more than three tons.

3. SAME. Such latter section operates to add to the former a condition precedent to a recovery and is constitutional and valid.

Appeal from Riley district court; SAM KIMBLE, judge. Opinion filed February 7, 1914. Affirmed.

*J. G. Waters, John Waters, Lee Monroe,* all of Topeka, and *W. S. Roark,* of Junction City, for the appellant.

*Charles H. Hughes,* county attorney, for the appellee; *John E. Hessin,* of Manhattan, of counsel.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to recover for the death of her husband occasioned by the falling of a bridge over which he was attempting to pass with a traction engine. The petition alleged that it was impracticable to plank the bridge, and that on account of its weak condition the laying of planks or boards would not have prevented its breaking and falling. A demurrer to the petition was sustained and the plaintiff appeals. The question involved concerns the construction of three statutes. The plaintiff contends that unless the failure to plank the bridge contributed to the injury it would not preclude a recovery, and the defendant insists that such planking is a condition precedent to a recovery.

In 1886 section 7317 of the General Statutes of 1909 (Laws 1886, ch. 144, § 1) was enacted, making it the duty of all persons operating steam traction engines over a public highway to lay down planks of certain dimensions on the floor of all bridges and culverts while crossing the same, and a penalty for the failure so to do was provided. The next year section 658 of the General Statutes of 1909 was enacted (Laws 1887, ch. 237, § 1), giving a right of recovery to one suffering damages received on a defective bridge or culvert, "without contributing negligence on his part," when the chairman of the county board or township trustee had had certain notice of the defect. These two statutes remained in force until the passage of chapter 248 of the Laws of 1911, section 45 of which reënacted the

first section already quoted literally except changing the proviso so that the act should not apply to any machine or engine not exceeding three tons instead of one ton in weight, and except that instead of describing the vehicles as in the former section it followed the description until coming to "steam traction engines of any kind," and in place thereof used the words "traction engines transfer wagons or vehicles of any kind used for the transportation or distribution of oil or any merchandise or commodity." After thus reënacting the section the following was added: "provided further, that no person, firm or corporation seeking to recover damages against any city, township or county under the provisions of this section shall secure a judgment therein, unless the jury shall find that such person, firm or corporation had before receiving the injury complained of complied with the provisions of this section." The same penalty for violation was left in force.

It is first contended that as there was no comma after the words "traction engines" the amendment was intended to include only such traction engine, transfer wagon or vehicle as was used for the transportation or distribution of oil, merchandise or other commodity. While the punctuation would justify this construction the result would be so ludicrous and absurd that the legislature could not be presumed to have intended it, for certainly it was not the purpose to subject the bridges of the county to the damages of passing traction engines except when they were used in transferring oil, merchandise or other commodities, and one would weigh as much and endanger a bridge as seriously whether used to move a thresher or an oil wagon. Under statutes somewhat similar to those in force before 1911 some courts have held that failure to plank is not material except when such failure contributes to the injury, while others hold that without obedience to such demand of the law no recovery can be had.

Considering and construing the three statutes here involved we have no hesitation in concluding and holding that the intent and effect of the act of 1911 was and is so to modify the law regarding the recovery of damages in this kind of an action that planking is a condition precedent to a recovery.   To hold otherwise would be to leave practically meaningless the proviso added in 1911 when amending the act of 1886.

It is suggested that the wording of the proviso, "seeking to recover damages  .  .  .   under the provisions of this section," shows that the requirement can not have reference to an action to recover damages under section 658, and if we should regard the quoted words alone this conclusion would necessarily follow.   But we can not ignore the patent fact that in amending and adding to the act of 1886 the legislature had in mind bridges, traction engines and damage suits, and was manifestly intending and endeavoring to make planking a prerequisite to a recovery in a case of this kind; and as such intent, notwithstanding some inapt words used in the proviso, appears so clearly as to be convincing we must give effect thereto rather than to a few misued words unfortunately found in an expression which taken as a whole is not difficult to understand.

It is also argued that section 45 of the act of 1911 is unconstitutional for the reason that its subject is not clearly stated in the title of the act, if it be construed to amend or affect section 658.   The title relates to roads and highways and repeals certain former enactments, including the act of 1886.   All of the statutes in question relate in some way to roads and highways. The title to section 658 (Laws 1887, ch. 237) being "An act making counties and townships liable for defects in bridges, culverts and highways in certain cases."   The title to the act of 1911 was considered in *The City of Winfield v. Bell,* 89 Kan. 96, 130 Pac. 680, and was there said to be one of the broadest and most comprehensive of titles.   We do not think that section

16 of article 2 of the constitution leaves the validity of the section now under consideration in any doubt.

The requirement of that section that an amendatory act contain the entire act amended does not apply to amendments by implication. (*Parker-Washington Co. v. Kansas City,* 73 Kan. 722, 85 Pac. 781; *Bank v. Pearce,* 76 Kan. 408, 92 Pac. 53; *The State v. Pauley,* 83 Kan. 456, 464, 112 Pac. 141.)

The proposition is also advanced that by giving effect to the section in question we would be permitting the legislature to invade the province of the judiciary and say on what evidential showing a litigant may be permitted to recover. Such is not the purpose or purport of the section. The legislature gave the right to an action for damages in this class of cases and the legislature may take it away. Likewise it may prescribe new conditions or require the performance of certain statutory duties as prerequisites to a recovery, and in none of these is there any invasion of the province of the judiciary.

The ruling of the trial court is affirmed.