No. 19,150.

THE ALLEN COUNTY AGRICULTURAL SOCIETY, *Appellant,*
v. THE BOARD OF COUNTY COMMISSIONERS OF THE
COUNTY OF ALLEN, *Appellee.*

#### SYLLABUS BY THE COURT.

STATUTE—*Authorizing Counties to Assist in Payment of Fair
Premiums—Unconsitutional—Title of Act.* Chapter 144 of
the Laws of 1911 is in conflict with section 16 of article 2
of the constitution, and therefore void, for the reason that
it. attempts to impose upon the county boards of certain
counties the mandatory duty to issue warrants to agricul-
tural fair associations to assist in the payment of premiums,
a subject which is not clearly expressed in the title of the act.

Appeal from Allen district court: OSCAR FOUST,
judge. Opinion filed January 9, 1915. Affirmed.

*Baxter D. McClain,* of Iola, for the appellant.

*Frank R. Forrest,* of Iola, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The only question for determination in
this case is the validity of chapter 144 of the Laws of
1911. There was presented to the board of county com-
missioners of Allen county the claim of the Allen
County Agricultural Society for $836.62, being one-
half of the total premiums on certain classes of ex-
hibits paid by plaintiff at its annual fair in September,
1912. At the January meeting of the county board
$500 was allowed on account of the claim, which was
paid and credited thereon, and upon the refusal of the
county to pay the balance of the claim this action was
instituted to recover a judgment therefor. The case
was submitted to the trial court on an agreed statement
of facts, upon which the court rendered judgment in
favor of the defendant, and the plaintiff appeals.

The validity of the act depends entirely upon whether
the title is sufficiently broad to include certain man-

datory provisions making it the duty of the county commissioners to issue a warrant in favor of certain county fair associations for a sum equal to one-half the amount of premiums paid by any such association upon its "exhibits of live stock, agricultural products, educational, art and domestic departments." Section 1 of the act declares: "That it shall be the duty of the county commissioners in Kansas to issue a warrant," etc. The title of the act reads as follows:

"An act authorizing the county commissioners to assist in payment of premiums for agricultural fair associations that have been holding fairs and in actual operation for three consecutive years, and the repealing of all acts and parts of acts in conflict herewith."

The trial court held the act to be repugant to section 16 of article 2 of the constitution of the state, which provides that "no bill shall contain more than one subject, which shall be clearly expressed in its title," following the case of *The State, ex rel., v. Comm'rs of Wabaunsee Co.*, 45 Kan. 731, 26 Pac. 483. The title of the act involved in that was:

"An act authorizing the county commissioners of Wabaunsee county to appropriate money for repairing bridge," etc. (Laws 1889, ch. 98.)

In the body of the act the legislature went beyond the title and declared that the commissioners of that county "are hereby authorized and empowered and it is hereby made their duty to appropriate such sum of money as may be necessary to keep in repair" a certain bridge. The act was not declared to be unconstitutional, but it was held that the words, "it is hereby made their duty," being broader than the title, should be regarded as of no force or effect. The act was therefore so construed as to leave it discretionary with the commissioners to make the appropriation for such repairs.

Counsel for plaintiff with much insistence urge that the Wabaunsee case, *supra,* was not well decided; that

it is at variance with well-established rules of statutory construction, and that it is entirely out of harmony with previous and subsequent decisions of this court involving the same provision of the constitution. The cases relied upon do not, in our opinion, support these contentions. The decision does not rest upon a technical interpretation of the language of the act; nor does it involve a mere question of fancied or actual discrepancies between the body and title which can be so construed as to uphold all the provisions of the act. For these reasons the cases cited need not be reviewed for the purpose of pointing out the distinction. Nor do we think anything said in the case of *The State v. Everhardy,* 75 Kan. 851, 90 Pac. 276, throws any light upon the question. There the rule declared in *The State v. Barrett,* 27 Kan. 213, was reaffirmed, to the effect that the title may be so broad and comprehensive as to include innumerable minor subjects, where those are capable of being comprehended within the general title. That rule has no application here. There are many things the county board is given authority in its discretion to do, and there are many other things it is required to do. The purpose of the act, as appears from a reading of the title, is to empower the board in its discretion to do a thing which the body of the act declares the board shall do. The decision in the Wabaunsee case, *supra,* has stood since 1891. It was based upon the plain provisions of the constitution and a reasonable construction of the language used by the legislature. It announced a salutary rule which squarely fits the present case and which should not be overturned. In that case, as was observed, the legislature in express terms authorized, and in other express language made it the duty of the board to appropriate money for a certain purpose. The act involved in the present case contains no provision authorizing the county board to make the payment but merely declares that it shall be the duty of the county

commissioners to issue a warrant in favor of such an association. Our conclusion is that no part of the act can be upheld. The subject of imposing upon the county board the mandatory duty of making such payments is not embraced or clearly expressed in the title of the act.

It follows, therefore, that the judgment is affirmed.