No. 20,007.

THE HOGAN MILLING COMPANY et al., *Appellants,* v. THE CITY OF JUNCTION CITY et al., *Appellees.*

SYLLABUS BY THE COURT.

1. PAVING—*Intervening Connecting Street—Authority of City.* Under chapter 123 of the Laws of 1911, a city of the second class may provide for the improvement of an intervening connecting street between parallel streets that are improved, although the connecting improvement begins at the end of the improvement on one of the parallel streets.

2. SAME—*Statute Constitutional.* Chapter 123 of the Laws of 1911, effecting the amendment of existing laws by implication, is not within the purview of section 16 of article 2 of the state constitution. (Following *Parker-Washington Co. v. Kansas City,* 73 Kan. 722, 85 Pac. 781.)

Appeal from Geary district court; ROSWELL L. KING, judge. Opinion filed June 10, 1916. Affirmed.

*W. S. Roark,* of Junction City, for the appellants.

*I. M. Platt, J. V. Humphrey,* and *Arthur Humphrey,* all of Junction City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiffs seek to enjoin the defendants from curbing, guttering and paving a street in Junction City. From a judgment sustaining a demurrer to the petition the plaintiffs appeal.

1. Under chapter 123 of the Laws of 1911, the defendants undertook to improve Monroe street, in Junction City, between Seventh and Eighth streets. These streets run east and west parallel with each other and cross Monroe street. One block lies between Seventh and Eighth streets. Eighth street was curbed, guttered and paved across and for some distance east and west of its intersection with Monroe street. Seventh street was curbed, guttered and paved from the west to Monroe street, but not across nor east of that street. The resolution under which the defendants sought to improve Monroe street is as follows:

"Whereas, Seventh Street and Eighth Street are parallel streets running east and west through the city of Junction City, and

"Whereas, Monroe Street is a street running north and south through said city and is an intersecting connecting street between said Seventh Street and Eighth Street, and

"Whereas, said Seventh Street and Eighth Street have been paved and properly curbed and guttered, therefore

"Be it resolved by the Board of Commissioners of the City of Junction City, convened in regular session, that it is necessary that Monroe Street between Seventh and Eighth streets be paved and properly curbed and guttered, said paving, curbing and guttering to accord to the specifications adopted by the Board of Commissioners. The cost of said paving, curbing and guttering to be assessed against the property to the center of the block on both sides of said Monroe Street between Seventh and Eighth streets."

The plaintiffs contend that Monroe street was not an intervening connecting street between parallel streets that had been curbed, guttered and paved. This contention is based on the fact that Seventh street was not improved in the area formed by the crossing of Seventh street and Monroe street and was not improved from Monroe street east. That was not necessary. The improvement of Monroe street connected the improvement on Seventh street and Eighth street. Section 1 of chapter 123 of the Laws of 1911 reads:

"Whenever any parallel streets or alleys in the city shall have been graded, guttered, curbed, paved, or macadamized, the mayor and council

Milling Co. v. Junction City.

or board of commissioners may, when they deem it necessary, grade, gutter, curb, pave or macadamize any intervening connecting street or alley, or portion thereof; and in all cases when two or more portions of any street or alley have been graded, guttered, curbed, paved, or macadamized, and intervening portions of said street or alley have not been graded, guttered, curbed, paved, or macadamized, the mayor and council or board of commissioners, may by resolution cause the intervening portion to be graded, guttered, curbed, paved or macadamized not to exceed two blocks, and levy special assessments to pay for the same."

The purpose of the statute is to permit a city to authorize the improvement of intervening connecting streets by resolution where the improvement directed will connect with other parallel streets, already improved, although the connecting improvement may begin at the end of the improvement on one of the parallel streets.

2. The plaintiffs contend that chapter 123 of the Laws of 1911 violates section 16 of article 2 of the state constitution, and argue that the act changes the law as it existed before the passage of the act. Before the passage of this act the statute authorized the improvement of streets allowing property owners twenty days within which to remonstrate against the proposed improvement. This right of the property owner was taken away by chapter 123 of the Laws of 1911, so far as the improvement of an intervening street between parallel improved streets is concerned. This is not an amendment within the meaning of the constitutional provision. The act in question does not purport to amend any other act. It is new legislation. By implication it does repeal a portion of the law as it existed before the passage of the act. In *Parker-Washington Co. v. Kansas City,* 73 Kan. 722, 85 Pac. 781, this court said:

"Statutes which effect the amendment of existing laws by implication are not within the purview of the constitutional provision that 'no law shall be revived or amended, unless the new act contain the entire act revived, or the section or sections amended, and the section or sections so amended shall be repealed.'" (Syl. ¶ 1.)

(See, also, *Stephens v. Ballou,* 27 Kan. 594; *Berry v. K. C. Ft. S. & M. Rld. Co.,* 52 Kan. 759, 34 Pac. 805; *The State v. Thomas,* 74 Kan. 360, 86 Pac. 499; *Bank v. Pearce,* 76 Kan. 408, 92 Pac. 53.)

The statute does not violate section 16 of article 2 of the state constitution.

The judgment is affirmed.