No. 20,205.

IRA ROTHROCK, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF DOUGLAS, *Appellee.*

### SYLLABUS BY THE COURT.

1. DEFECTIVE BRIDGE—*Injuries—When Damages May be Recovered from County.* The liability of a county for damages occasioned by the fall of a bridge on a county road is statutory and unless the damages alleged fall strictly within the terms of the statute imposing such liability there can be no recovery.

2. SAME—*Traction Engine—Failure to Plank Bridge—No Damages Recoverable.* One who attempts to ride across a bridge on the tender of a fifteen-horsepower traction engine (weighing more than three tons), when he sees and knows that the operators of the traction engine, in disobedience of the statute, are driving the engine across without the statutory planking, can not recover damages for injuries occasioned by the fall of the bridge under the weight of the engine.

3. SAME—*Contributory Negligence Bars Recovery.* Plaintiff, who owned a threshing machine, hired the owners of a fifteen-horsepower traction engine, presumably weighing more than three tons, to haul his thresher over a county road and bridge. The crossing was attempted without planking the bridge as required by section 45 of chapter 248 of the Laws of 1911. The bridge fell under the weight of the engine, and the plaintiff, who was riding on the tender, was precipitated into a creek thirty-four feet below and severely injured. *Held,* that he was charged with notice of the statute, and with notice that an attempt to drive the engine across the bridge without planking was dangerous, and that he voluntarily rode into a place of danger, and that such contributory negligence on his part bars him from any claim against the county for damages.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed June 10, 1916. Affirmed.

*Edward T. Riling,* and *John J. Riling,* both of Lawrence, for the appellant.

*J. S. Amick,* county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a decision sustaining a demurrer to a petition in which the plaintiff sued Douglas county for damages sustained by him by the falling of a bridge

on a county road across Wakarusa creek. The plaintiff hired two men who owned a traction engine to haul his threshing machine from Lawrence to some place in the southwest part of Douglas county, and in crossing this bridge, without the statutory planking, the floor of the bridge gave way, throwing the engine and tender on which the plaintiff was riding into the creek. The plaintiff fell thirty-four feet and was severely injured. The petition alleged that the chairman of the county board knew of the defects in the bridge, these defects being the weakening through age and rust of the iron stirrups which supported the "I" beams upon which the wooden stringers and bridge floor rested, and that the board of county commissioners had caused many of these stirrups, which were old, rusted, pitted and weak, to be rewelded and placed in the bridge, and that the board of county commissioners knew also that the rewelding was imperfect and defective and that the stirrups were wholly unfit for use. Other pertinent allegations, all to the same effect, were pleaded.

It does not appear that the notice of the defective condition of the bridge was a serious question in this demurrer. Probably the notice was sufficiently pleaded. Nor does it appear that the sufficiency of the petition turned upon the weight of the engine. Undoubtedly the traction engine weighed over three tons, since it is alleged that it was a "fifteen-horsepower traction engine." It appears that the demurrer was sustained chiefly on account of the failure to plank the bridge as required by section 45 of chapter 248 of the Laws of 1911, which reads:

"That all persons owning, controlling, operating or managing steam or gasoline threshing-machines, saw-mills, traction engines or transfer wagons or vehicles of any kind used for the transportation or distribution of oil or other merchandise or commodity and moving the same over the public highway are required to lay down planks not less than one foot wide, three inches in thickness, and of sufficient length, on the floor of all bridges and culverts situated on the public highway, while crossing the same, for the wheels of said engine of any kind to run on while crossing such bridge or culvert; provided, that this section shall not apply to any machine or engine not exceeding three tons in weight; provided further, that no person, firm or corporation seeking to recover damages against any city, township or county under the provisions of this section, shall secure a judgment therein, unless the jury shall find that such person, firm or corporation had before receiving the injury complained of, complied with the provisions of this section."

The statute upon which the action is founded reads:

"Any person who shall without contributing negligence on his part sustain damage by reason of any defective bridge, culvert, or highway, may recover such damage from the county or township wherein such defective bridge, culvert or highway is located, as hereinafter provided; that is to say, such recovery may be from the county when such damage was caused by a defective bridge constructed wholly or partially by such county, and when the chairman of the board of county commissioners of such county shall have had notice of such defects for at least five days prior to the time when such damage was sustained; and in other cases such recovery may be from the township, where the trustee of such township shall have had like notice of such defect." (Gen. Stat. 1909, § 658.)

These statutes were construed in *Costello v. Riley County*, 91 Kan. 532, 138 Pac. 639, in which it was said:

"The intent and effect of the act of 1911 was and is so to modify the law regarding the recovery of damages in this kind of an action that planking is a condition precedent to a recovery." (p. 535.)

The statute imposes the duty of planking the bridge upon all persons owning, controlling, operating or managing a traction engine weighing over three tons before they attempt to move such engine over a bridge. This duty primarily rested upon the owners and operators of the engine who were hired by plaintiff to haul his thresher across the bridge. The plaintiff, however, was charged with notice of the statute. He sat on the tender and was riding across the bridge. He knew his employees in charge of the engine were violating the law. He knew they were imperilling their lives and limbs and taking him into danger, for the plain purpose of the statute was to safeguard against such mishaps as the very one that happened. He had no right to ride across the bridge without the statutory planking under conditions which made the planking imperative, knowing also that if the bridge gave way the want of planking would bar a recovery for damages. He voluntarily and without heed or need rode into this place of danger. Knowing his employees were violating the law, and running the risk of accident, he voluntarily took chances with them, and his situation as to a claim for damages is no better than theirs. He was negligent in his duty to himself, so wanting in care and diligence in his conduct, that the law will not accord him the relief which he seeks.

In *Falls Township v. Stewart,* 3 Kan. App. 403, 42 Pac. 926, it was said:

"A person, although entitled to the use of a bridge, culvert, or public highway, and entitled to do so although he has knowledge of its defective, dangerous or unsafe condition, can not do so in the face of certain, unavoidable danger, and if he is injured thereby in his attempt to use the same when the danger is certain and unavoidable, he can not recover from the county or township where the bridge is located." (Syl. ¶ 3.)

While the legal requirement that a bridge be planked before heavy traction engines are driven across it is perhaps new, and precedents concerning the consequences of breach of that requirement are rare, yet the principle is old and familiar to lawyers. Municipal and quasi-municipal corporations are not required to construct and maintain bridges capable of withstanding any and all sorts of extraordinary loads, and the statute of 1911 in effect declares that a traction engine weighing over three tons is an extraordinary load, and forbids its passage over a bridge without the extra statutory planking. To cross a bridge with such an engine without this planking is but going voluntarily into a place of danger, the danger which the wise provision of the statute seeks to avert; and the cases are numerous which hold that a person who needlessly crosses a bridge known to be dangerous is guilty of such contributory negligence as will bar a recovery. (*Jones v. Union County,* 63 Ore. 566, 127 Pac. 781, 42 L. R. A., n. s., 1035, and Note; 8 Am. Dig. "Bridges," §§ 91, 94; 3 Dec. Dig. "Bridges," § 44; 5 Cyc. 1103, 1105; 4 R. C. L. 238.)

The judgment is affirmed.