Bourke v. Dickson.

---

Nos. 24,840, 25,064.

TIMOTHY S. BOURKE, *Appellee,* v. HOWARD C. DICKSON and MELL B. DICKSON, HARRY M. WASHINGTON, et al., *Appellants.*

SYLLABUS BY THE COURT.

CONSTITUTIONAL LAW — *Title of Statute Relating to Corporations — Broad Enough to Cover Provision for Forfeiture of Corporate Charter.* The title of the statute, "An act to require corporations to file annual reports with the secretary of state and to pay annual fees, and repealing section 1726 of the General Statutes of 1909" (Laws 1913, ch. 135), is held to be broad enough to cover a provision authorizing the forfeiture of the charter of a corporation that fails to comply with the requirements of the act.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed January 12, 1924. Affirmed.

*E. S. McAnany, M. L. Alden,* and *T. M. VanCleave,* all of Kansas City, for the appellants; Charles A. Blair, of Kansas City, of counsel.

*J. O. Emerson, David J. Smith, James L. Hogin,* and *Roy R. Hubbard,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Timothy S. Bourke, a stockholder and former officer of the Security Garage, Repair and Sales Company, the charter of which had been declared to have been forfeited, for an accounting of its assets, the appointment of a receiver to take charge of the affairs of the dissolved corporation and make a distribution of the proceeds of its assets among those entitled to the same. A receiver was appointed, and at the trial the court found that the charter of the corporation had been forfeited and that there had been no valid application for reinstatement of the charter. The rights of the parties in the assets of the corporation were ascertained and declared and judgment was given winding up its affairs and directing a distribution of its assets. The defendants appeal and raise the single question that the action of the charter board in forfeiting the charter of the corporation was ineffectual because the statute under which the action was taken was unconstitutional and void.

The ground of invalidity asserted is that the title to the act providing for a forfeiture is not sufficiently comprehensive to cover the matter of forfeiture. The title of chapter 140 of the Laws of 1907, which became section 1726 of the General Statutes of 1909, and in which provision was made for forfeiture, was "An act relating to private corporations." It is conceded that this title is broad enough to include the forfeiture provision, but this act was amended in 1913 by another, entitled: "An act to require corporations to file annual reports with the secretary of state and to pay annual fees, and repealing section 1726 of the General Statutes of 1909." (Laws 1913, ch. 135.) The latter act provides that the failure of the corporation to file annual reports with the secretary of state and to pay the fees provided in the act within a specified time shall work a forfeiture of the charter of the corporation, and that at any time the charter board may declare the charter of such corporation forfeited, whereupon it shall be the duty of the attorney-general to take steps for the appointment of a receiver to wind up the business of the corporation.

Is the title of the act broad enough in its scope to cover the forfeiture provision included in the body of the act? There was a challenge of the validity of the act in *Razor Co. v. Guymon*, 110 Kan. 745, 205 Pac. 635, where it was held that the legislature had

the power to make the nonobservance by a corporation of the requirement or regulation to pay certain fees, and make certain reports, a ground of forfeiture, with the result that a forfeiture of the charter of the corporation was upheld.  The specific question as to whether the matter of forfeiture was sufficiently expressed in the title of the act was not presented nor considered.  It is true the words forfeiture or penalty are not mentioned in the title.  The subject expressed in the general title is requirements of corporations in respect to the filing of reports and the payment of fees.  Anything germane to this general subject may be included in the act, and any provision appropriate to carrying out the prescribed requirements may be said to be fairly embraced in the title.  Requirements and regulations of corporations are of little effect if not enforceable, and the means of making them effective can hardly be said to be outside of the subject of regulation.  The title of an act need not include the details of the act nor the means and instrumentalities of accomplishing the expressed general purpose of the act.  Where the constitutional limitation and question were under consideration it was said:

"Everything connected with the main purpose and reasonably adapted to secure the objects indicated by the title may be embraced in the act without violating the constitutional inhibition." (*Lynch v. Chase,* 55 Kan. 367, 376, 40 Pac. 666.)

Forfeitures and penalties are suitable means for accomplishing and enforcing the purposes of regulation.  A question quite analogous to the one we are considering was decided in *Harrod v. Latham,* 77 Kan. 466, 94 Pac. 11.  There the title of the statute was, "An act to establish an insurance department in the state of Kansas, and to regulate the companies doing business therein."  In the body of the act were provisions prescribing that fines, penalties and forfeitures might be imposed and declared in enforcing the regulations of the insurance companies.  No mention of fines, penalties or forfeitures was made in the title of the act and yet it was held that these were germane to the general subject of regulation and the act valid.  In the opinion it was said:

"Whenever the penalty is fairly incidental to the regulation of the subject expressed it may properly be included in the act without special mention in the title.  The act in question is to regulate insurance companies, and this suggests means to make the regulation effective.  To regulate is to direct by rule or restriction; to govern. (*Otto v. Hare,* 64 Kan. 78, 67 Pac. 444.)  Penalties are plainly incidental to such regulation." (p. 469.)

In *Rogers v. Morrill*, 55 Kan. 737, 42 Pac. 355, the statute entitled, "An act providing for the appointment of committees to investigate the affairs of state institutions and conduct of officers," was held to be sufficient to cover a provision forfeiting the office of any officer who was found guilty of misconduct although the matter of forfeiture was not mentioned in the title.

Another act, entitled "An act for the protection of the records of several counties of the state of Kansas regulating the business of abstracting," was held valid although it contained provisions prohibiting persons from following the occupation of abstracter unless they gave a bond to pay damages to persons injured by their mistakes and also made it a misdemeanor for abstracters to practice their occupations without conforming to the requirements. By these provisions abstracters forfeited the right to follow their occupation unless they complied with the requirements.

In *The State v. Wilcox*, 64 Kan. 789, 68 Pac. 634, the court had under consideration the statute entitled, "An act to create a state board of medical registration and examination and to regulate the practice of medicine, . . . prescribing penalties for the violation thereof." Under the provisions of the act certain practitioners who did not come up to the prescribed qualifications forfeited their right to continue their profession, and yet the forfeiture provision was upheld, although the word forfeiture was not in the title.

The title of the prohibitory act, "An act relating to intoxicating liquors, and amendatory of and supplemental to" a number of acts prohibiting the manufacture and sale of intoxicating liquors, was held to be broad enough to cover the provisions for the removal of a mayor from office by a civil action for neglect of official duties relating to the enforcement of the prohibitory liquor law. (*The State v. Everhardy*, 75 Kan. 851, 90 Pac. 276.) See, also, *The State, ex rel., v. Martin*, 87 Kan. 817, 126 Pac. 1080; *Shade v. Cement Co.*, 93 Kan. 257, 144 Pac. 249; *City of Wichita v. Sedgwick County*, 110 Kan. 471, 204 Pac. 693.

Testing the sufficiency of the title of the act in question by the liberal rule which the court is bound to apply, we think the forfeiture provision is incidental to the regulatory purpose expressed in the title and is a reasonably appropriate means of accomplishing that purpose. Even if there was a doubt as to the sufficiency of the title that doubt must be resolved in favor of the validity of the act.

Judgment affirmed.