No. 26,395.

GEORGE D. SMITH, *Appellant*, v. THE CITY OF KANSAS CITY, *Appellee*.

SYLLABUS BY THE COURT.

1. BRIDGES — *Injuries from Defective Bridge — Failure to Plank — Liability.* Under R.S. 68-1129, damages for injury caused by a defective bridge to one passing thereover with a motor truck weighing not less than five tons cannot be recovered unless it be shown and the jury find that the person injured complied with the provisions of the law with respect to planking such bridge.

2. SAME—*Failure to Plank Bridge for Five-ton Truck—Demurrer.* And where the motor truck in question weighed more than five tons and the petition showed on its face that plaintiff did not comply with the requirements of the statute with respect to planking the bridge, demurrer thereto was properly sustained.

3. CONSTITUTIONAL LAW—*Due Process of Law—Bridge Law.* The act of which R.S. 68-1129 is a part applies to bridges located in cities, and is constitutional and valid.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed April 10, 1926. Affirmed.

*W. W. McCanles,* of Kansas City, Mo., for the appellant.

*William Drennan, Willard M. Benton* and *Joseph A. Lynch,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover damages for personal injuries, also for damage to a truck, growing out of alleged negligence of the defendant in constructing and maintaining one of its bridges. The plaintiff appeals from an order sustaining a demurrer to his petition.

The petition alleged substantially that defendant constructed a wooden bridge defectively; also allowed it to become old, worn out, unsafe and dangerous to traffic; that the defendant had actual knowledge of its dangerous, defective and unsafe condition, but negligently failed to warn the public thereof; that on November 21, 1921, plaintiff while driving his automobile truck across it, the bridge, because of its weakened and defective condition, broke and gave way, allowing plaintiff's truck to break through and be pre-

Bridges, 9 C. J. pp. 479 n. 96, 480 n. 16, 481 n. 21, 486 n. 82; 42 L. R. A. n. s. 1035; 12 A. L. R. 468; 4 R. C. L. 239. Constitutional Law, 12 C. J. p. 1243 n. 41. Pleading, 31 Cyc. p. 291 n. 75.

cipitated a great distance to the ground, as a result of which plaintiff was permanently and severely injured and the truck completely demolished, etc.; that, previous to filing this action, he filed a written notice with the city clerk setting forth that he had been injured and would file suit to recover damages therefor; that he is not seeking to recover damages for injury under the statutes passed in 1886, and subsequent amendments thereto, of which R. S. 68-1129 is a part; that said act and section does not apply to city bridges, but applies only to county and township bridges and roads; that plaintiff did not plank the bridge before crossing or attempting to cross it in accordance with the provisions of said section for the reason the section does not apply to bridges in cities, and that if said section does apply to cities, the same is unconstitutional and in violation of the provisions of the constitution of the United States and the state of Kansas.

The statute to which reference is made, in part, reads:

"That all persons owning, controlling, operating or managing a steam or gasoline threshing engine, sawmill engine, traction engine of any kind, or any vehicle of great weight, and moving the same over the public highway are required to lay down planks not less than one foot wide, three inches in thickness and of sufficient length, on the floor of all bridges and culverts, and across all cross walks in incorporated towns and villages, situated on the public highways, while crossing the same, for the wheels of said engine or heavy vehicle to run on while crossing such bridge, culvert, or cross walk. . . . *Provided further,* That no person, firm or corporation hereafter seeking to recover damages against any city, township or county under the provisions of this section shall secure a judgment therein unless the jury find that such person, firm or corporation had, before receiving the injury complained of, complied with the provisions of this section. . . ." (R. S. 68-1129.)

The plaintiff's contention is that this is a common law action and the planking of the bridge was not a condition precedent to his right of recovery, and that because he is not attempting to recover under the provisions of the act the proviso requiring the laying down of planks does not bar his right of recovery. He argues that assuming that the section of the statute under consideration gives a right of action against cities as well as counties and townships, the right is cumulative and the failure to comply with its provisions does not bar a recovery. Also, that unless the failure to plank the bridge was the proximate cause of his injury, it would not defeat his right of recovery; that the violation of an ordinance or statute will not defeat the recovery unless the violation thereof is the direct and proximate cause of the injury and that this is a matter of de-

fense.    Also that if the statute is held to apply to cities, and that.
under its terms a right of recovery for loss of property is denied by
a failure to comply with its provisions, regardless of whether said
omission is the proximate cause of the injury, the section is un-
constitutional and void, in that it deprives one of his property with-
out due process of law.

*Costello v. Riley County,* 91 Kan. 532, 138 Pac. 639, was an
action for damages for the death of plaintiff's husband which oc-
curred while he was driving a traction engine over a bridge.    The
court said:

"Considering and construing the three statutes here involved we have no
hesitation in concluding and holding that the intent and effect of the act of
1911 was and is so to modify the law regarding the recovery of damages in
this kind of an action that planking is a condition precedent to a recovery.
To hold otherwise would be to leave practically meaningless the proviso added
in 1911 when amending the act of 1886." (p. 535.)

*Rothrock v. Douglas County,* 98 Kan. 286, 158 Pac. 19, was
similar to the instant case.    The court said:

"While the legal requirement that a bridge be planked before heavy trac-
tion engines are driven across it is perhaps new, and precedents concerning
the consequences of breach of that requirement are rare, yet the principle is
old and familiar to lawyers.    Municipal and quasi-municipal corporations are
not required to construct and maintain bridges capable of withstanding any
and all sorts of extraordinary loads, and the statute of 1911 in effect declares
that a traction engine weighing over three tons is an extraordinary load, and
forbids its passage over a bridge without the extra statutory planking.    To
cross a bridge with such an engine without this planking is but going volun-
tarily into a place of danger, the danger which the wise provision of the statute
seeks to avert; and the cases are numerous which hold that a person who
needlessly crosses a bridge known to be dangerous is guilty of such contrib-
utary negligence as will bar a recovery. (*Jones v. Union County,* 63 Ore. 566,
127 Pac. 781, 42 L. R. A., n. s., 1035 and note; 8 Am. Dig. 'Bridges,' §§ 91, 94;
3 Dec. Dig. 'Bridges,' § 44; 5 Cyc. 1103, 1105; 4 R. C. L. 238.)" (p. 289.    See,
also, note 12 A. L. R. 458, 468.)

The contention that the act under consideration does not apply
to bridges in cities, and, if so, is unconstitutional, cannot be sus-
tained.    While the point does not appear to have been directly raised,
this court considered the question of a city's liability in *White. v.
Kansas City,* 102 Kan. 495, 170 Pac. 809.    The bridge in question
was within the corporate limits of Kansas City.    The plaintiff
White failed to plank the bridge.    The trial court sustained a
demurrer to his evidence.    This court affirmed the decision, saying:

"The case turns upon the question whether the law requiring that to be done (laying down planks) in the case of loads weighing more than three tons, applies to horse-drawn vehicles, or is limited to those moved by mechanical power."

We are of the opinion that the act applies to bridges in cities as well as within townships and counties; also that it does not contravene the provisions of the constitution.

The judgment is affirmed.