No. 28,104.

THE STATE OF KANSAS, ex rel. WILLIAM A. SMITH, Attorney-general, *Plaintiff*, v. THE CITY OF KANSAS CITY et al., *Defendants*.

(262 Pac. 1032.)

SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS—*Authority to Issue Tax Bills—Constitutionality of Act.* The statute authorizing cities of a certain population to issue tax bills to pay for certain improvements (Laws 1927, ch. 133) is constitutional and valid.

Original proceeding in quo warranto.    Opinion filed January 7, 1928.    Judgment for defendants.

*William A. Smith*, attorney-general, for the plaintiff; *William Drennan* and *Joseph A. Lynch*, both of Kansas City, of counsel.

*L. S. Harvey, Clyde C. Glandon* and *John C. O'Brien*, all of Kansas City, for the defendants.

*Fred Robertson, Edward M. Boddington* and *William E. Stickel*, all of Kansas city, as *amici curiæ*.

The opinion of the court was delivered by

BURCH, J.:    The action is one of quo warranto to oust the governing body of the city of Kansas City from exercise of power granted

---

Constitutional Law, 12 C. J. pp. 744 n. 94, 887 n. 38, 890 n. 57, 1257 n. 61. Judgments, 33 C. J. p. 1099 n. 19.    Municipal Corporations, 28 Cyc. p. 970 n. 37. Statutes, 36 Cyc. pp. 999 n. 16, 1004 n. 32.

by chapter 133 of the Laws of 1927 to issue tax bills to pay for special improvements. This form of municipal security has not been generally used in this state. Contractors in Kansas City hesitate to accept tax bills in payment for work done without assurance of their constitutional validity, and the attorney-general has permitted the name of the state and his name to be used to obtain a declaratory judgment coinciding with his own opinion that the securities are authorized by sound legislation.

It is urged the statute is void for reasons which may be disposed of in the order in which they are presented:

"1. It violates section 17 of article 2 of the constitution of Kansas, as it is a special act on a legislative subject where a general law can be made applicable, and violates the provisions of said section which say that all laws of a general nature shall have a uniform operation throughout the state, and shall be construed and determined by the courts of the state."

The statute applies to "any city of the first class now having or hereafter acquiring a population of over 110,000," and the objection is based on the fact that the city of Kansas City is at present the only city in the state qualified to exercise the power granted by the statute. The objection was fully answered by the decision in the case of *Parker-Washington Co. v. Kansas City,* 73 Kan. 722, 85 Pac. 781. That decision dealt with tax bills issued by the present defendant pursuant to authority granted by chapter 112 of the Laws of 1905, which the act of 1927 in effect duplicates. The decision in the Parker-Washington case has been cited and its authority has been recognized in the opinions in the following cases: *Clarke v. Lawrence,* 75 Kan. 26, 34, 88 Pac. 735; *State v. Butler County,* 77 Kan. 527, 534, 94 Pac. 1004; *Railway Co. v. Cowley County,* 97 Kan. 155, 156, 155 Pac. 18; *City of Topeka v. Wasson,* 101 Kan. 824, 826, 168 Pac. 902; *State, ex rel., v. Russell,* 119 Kan. 266, 237 Pac. 877; *Ashley v. Wyandotte County Comm'rs,* 121 Kan. 408, 411, 247 Pac. 859; *State, ex rel., v. Board of Education,* 122 Kan. 701, 707, 253 Pac. 251.

"2. It violates section 1 of article 12 of the constitution of Kansas in that it is a special act conferring corporate powers."

Since under the authorities cited the act is a general act, it is not a special act, and in the Parker-Washington case it was specifically held that the tax-bill law of 1905 was not a special act conferring corporate power, although when the act was passed the city of Kansas City was the sole present beneficiary of the grant of power.

"3. It violates section 5 of article 12 for the constitution of Kansas which requires that the power of taxation, assessment, borrowing money, contracting debts, loaning credit, etc., be restricted so as to prevent the abuse of such power."

In the case of *Hines and Others v. The City of Leavenworth and Others*, 3 Kan. 186, it was held this provision of the constitution was addressed to the legislature and not to the courts, and the subject of what restrictions may be essential and proper is wholly under control of the political department of the government. The Hines case has been cited in the opinions in the following cases: *City of Emporia v. Norton*, 13 Kan. 569, 584; *City of Newton v. Atchison*, 31 Kan. 151, 155; *Wulf v. Kansas City*, 77 Kan. 358, 362, 94 Pac. 207; *State, ex rel., v. City of Wichita*, 100 Kan. 399, 403, 164 Pac. 290.

The principle involved was applied in *Belleville v. Wells*, 74 Kan. 823, 827, 88 Pac. 47.

"4. It violates amendment fourteen of the constitution of the United States, which guarantees to all persons that they shall not be deprived of life, liberty or property without due process of law."

It is not pointed out in what manner the statute violates the fourteenth amendment. If because of charges against private property, the principle involved is precisely the same as if the usual method of financing public improvements by bond issue were employed. The principle that the legislature may authorize charges against abutting and adjacent property for public improvements was enunciated in the case of *Hines and Others v. The City of Leavenworth and Others*, 3 Kan. 186, and the principle was approved in the tax-bill case of *French v. Barber Asphalt Paving Co.*, 181 U. S. 324, which up to the present time has not been modified, qualified, or overruled.

"5. It violates the fifth amendment of the constitution of the United States in that its application results in taking property for public use without just compensation and without due process of law."

Ever since the decision in 1833 of the case of *Barron v. Mayor and City Council of Baltimore*, 7 Pet. 243, it has been understood by the bench and bar of the country that the fifth amendment is a limitation upon the power of the federal government only, and does not apply to the states. Other cases dealing with the subject may be found in the annotation following the text of the amendment in the Revised Statutes of Kansas, page xcvii. The annotation col-

lates the cases to the year 1923. Subsequent cases to the same effect are: *Southern Ry. Co. v. Durham*, 266 U. S. 178; *Corrigan v. Buckley*, 271 U. S. 323. This court recognized the doctrine in the case of *State of Kansas v. Barnett*, 3 Kan. 250, decided in 1865. The Barnett case was followed in the case of *State v. Newton*, 74 Kan. 561, 87 Pac. 757.

"6. It violates section 16 of article 2 of the constitution of the state of Kansas in that it revives and amends the provisions of R. S. 13-1018."

The fallacy of this objection was exposed in the tax-bill case of *Parker-Washington Co. v. Kansas City*, 73 Kan. 722, 85 Pac. 781. That case has been cited as authority upon the same subject in the opinions in the following cases: *Bank v. Pearce*, 76 Kan. 408, 410, 92 Pac. 53; *State v. Pauley*, 83 Kan. 456, 464, 112 Pac. 141; *Costello v. Riley County*, 91 Kan. 532, 536, 138 Pac. 639; *Milling Co. v. Junction City*, 98 Kan. 253, 255, 157 Pac. 1174 (citing cases antedating the Parker-Washington case); *State v. Coletti*, 102 Kan. 523, 528, 170 Pac. 995.

Feeling that the statute had not been sufficiently assailed, writers of a brief supporting the statute invite the court's attention to the following:

"Plaintiff does not complain that the bill contains more than one subject clearly expressed in its title. If such claim were made, it could have no merit. *Stewart v. Thomas*, 64 Kan. 515; *State of Kansas, ex rel. Richard J. Hopkins as Attorney-general, v. Posey*, 109 Kan. 552; *State of Kansas v. Jerry Scott*, 109 Kan. 166."

The court agrees and is quite confident there are a lot of other provisions of the constitution which the statute does not violate.

From the foregoing it is manifest there was no room to doubt the validity of the statute. In the opinion in the case of *Wheat Growers Ass'n v. Goering*, 123 Kan. 508, 512, 256 Pac. 119, the court said:·

"Defendant's constitutional objections to the statute are so transparently ill founded that they only require mention to import their own refutation."

In the case of *Corrigan v. Buckley*, 271 U. S. 323, the court said:

"The mere assertion that the case is one involving the construction or application of the constitution, and in which the construction of federal laws is drawn in question, does not, however, authorize this court to entertain the appeal; and it is our duty to decline jurisdiction if the record does not present such a constitutional or statutory question substantial in character and properly raised below. [Citations.] And under well-settled rules, jurisdiction is wanting if such questions are so unsubstantial as to be plainly without color of merit and frivolous. [Citations.]" (p. 329.)

The same may be said concerning resort to the declaratory judgment act. There must be actual controversy, and the function of the court is to decide controversies, not to sell municipal securities. In order to make his office as serviceable to the people of the state as the law contemplates the attorney-general must·be liberal in permitting use of the name of the state; but he should not be importuned to do so when the thoroughly settled law leaves no room for actual · controversy.

Judgment for defendants.